[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13 2000
THOMAS K. KAHN
CLERK

_____

No. 99-2099

_____

D. C. Docket No. 97-00164-3-CV-RV-M

JOSEPH FRANCIS DAVENPORT,
a.k.a. Little Joe,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 13, 2000)**

Before COX and HULL, Circuit Judges, and GEORGE*, District Judge.

HULL, Circuit Judge:

_____

*Honorable Lloyd D. George, U.S. District Judge for the District of Nevada, sitting by designation.

Appellant Joseph F. Davenport timely filed a § 2255 motion to vacate his conviction and sentence raising four claims. After the AEDPA's one-year deadline, Davenport filed an amended § 2255 motion raising three new claims. The district court found that the three new claims did not relate back under Rule 15(c) to the date of Davenport's original § 2255 motion and thus were barred by the AEDPA's one-year statute of limitations. We affirm.

## I. BACKGROUND

In 1991, Davenport received a 234 month prison sentence after a jury convicted him of two drug offenses.[1] In 1992, this Court affirmed his conviction and sentence. In 1996, Congress enacted a one-year statute of limitations for post-conviction § 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Thus, Davenport had until April 23, 1997 to file a § 2255 motion. See Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998).

On April 21, 1997, Davenport, proceeding pro se, timely filed his "Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence" ("original § 2255 motion"). Davenport's original § 2255 motion raised four claims: (1) The substance involved did not meet the definition of "crack cocaine" because it did not contain sodium

---

[1]Davenport was found guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, for activity from January 1988 to February 1991, and possession with intent to distribute cocaine base on August 9, 1990, in violation of 21 U.S.C. § 841(a)(1).

2

bicarbonate, (2) his sentence was based on an erroneous amount of drugs because the calculated weight included the moisture in the cocaine-based substance, (3) the government knowingly allowed a key government witness to perjure himself by falsely claiming that he did not expect to receive any benefits for testifying against Davenport, and (4) his counsel was ineffective for failing to raise the preceding three issues.

On May 29, 1997, the government filed its response to Davenport's original § 2255 motion. On June 23, 1997, Davenport filed a motion to dismiss his original § 2255 motion without prejudice. Davenport's motion to dismiss also requested that, in the event his motion to dismiss without prejudice was denied, he be granted leave to amend his original § 2255 motion "with several other issues." In an order dated October 1, 1997, the magistrate judge declined to dismiss Davenport's original § 2255 motion,[2] but stated that Davenport "shall be given the opportunity to amend his petition, which was originally filed on April 21, 1997." The magistrate judge, however, cautioned Davenport, stating: "[Davenport] is advised that no court has yet conclusively determined that amendments to § 2255 petitions, and in particular those

_____

[2]The magistrate noted that dismissal "would in all likelihood bar [Davenport] from seeking further collateral relief because of the recently enacted one-year statute of limitations for filing of § 2255 motions."

which add new or additional grounds for relief as [Davenport] seeks to file, relate back to the time of filing the original petition."

Davenport filed an amended § 2255 motion on November 6, 1997, which was more than six months after the AEDPA deadline. Davenport's amended § 2255 motion raised three new ineffective assistance of counsel claims. Davenport's three new claims were that his counsel was ineffective for: (1) allowing Davenport to be sentenced based on three grams of cocaine that were not part of the same course of conduct as the other forty-nine grams of cocaine, (2) relying on a summary lab report instead of requesting the complete lab report analyzing the three grams of cocaine, and (3) failing to advise him that a plea agreement might be possible.

In a report and recommendation, the magistrate judge determined that the three new claims in Davenport's amended § 2255 motion did not relate back to the date of the filing of his original § 2255 motion and were time-barred under the AEDPA. The magistrate judge also recommended denying Davenport's timely filed claims, finding that they were either procedurally barred or lacked merit.[3] Adopting the magistrate judge's report and recommendation, the district court denied Davenport's § 2255 motion. Davenport timely appealed. The district court issued a certificate of

_____

[3]The magistrate judge found that (a) Davenport's claims — that the substance was not "crack cocaine" and a witness testified falsely — were not raised on direct appeal and were procedurally defaulted; (b) his claim about the moisture content of the drugs lacked merit; and (c) he had not demonstrated prejudice as a result of his counsel's failure to raise these claims.

appealability limited to "whether an otherwise untimely amendment to a timely filed motion pursuant to Section 2255 relates back to the date of the original motion."[4]

## II. DISCUSSION

When it passed the AEDPA, Congress prescribed a one-year statute of limitations on § 2255 motions. See 28 U.S.C. § 2255.[5] This limitation retroactively applied to defendants whose convictions and sentences became final prior to April 24, 1996, the effective date of the AEDPA, and those defendants had until April 23, 1997 to file their § 2255 motions. See Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998). Thus, Davenport's claims in his original § 2255 motion were timely filed, but the new claims in his amended § 2255 motion were not filed until November 6, 1997, and were untimely. Therefore, Davenport's new claims are barred unless they "relate back" under Rule 15(c) of the Federal Rules of Civil Procedure.[6]

Specifically, Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the

---

[4]Rule 15 of the Federal Rules of Civil Procedure applies to civil actions brought under 28 U.S.C. § 2255. "Application of Rule 15(c) is reviewed for abuse of discretion" Powers v. Graff, 148 F.3d 1223, 1226 (11th Cir. 1998).

[5]Section 2255 has three provisions that provide for later dates from which the statute runs, but none is implicated here. See 28 U.S.C. § 2255.

[6]On appeal, Davenport asserts for the first time that the government waived the AEDPA statute of limitations defense. That waiver issue, however, was not covered by the certificate of appealability ("COA"), and our "review is limited to the issues specified in the COA." Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998).

amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).[7] "Relation back" causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed. Therefore, the new claims in Davenport's amended § 2255 motion will relate back and be considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.

This Court has not addressed Rule 15(c) in the context of a § 2255 motion. However, three circuits have addressed this precise issue. All three circuits held that for an untimely § 2255 claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); United States v. Duffus, 174 F.3d 333 (3d Cir.), cert. denied, 120 S. Ct. 163 (1999); United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999). Instead, in order to relate back, the untimely claim must have arisen from the

_____

[7]On appeal, counsel for Davenport suggests that Rule 15(c)(1) may be the better analysis. Rule 15(c)(1) provides that an amendment relates back when "relation back is permitted by the law that provides the statute of limitations applicable to the action." This theory is misguided because the Advisory Committee Note is clear that (c)(1) was added to ensure that if the controlling body of limitations law afforded a more forgiving principle of relation back than the one provided in Rule 15, then the more forgiving principle should be available to save the claim. Fed R. Civ. P. 15 advisory committee's note. The AEDPA, which is the applicable controlling law, does not evince a more forgiving principle.

6

"same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." Pittman, 209 F.3d at 318 ("both time and type"); Duffus, 174 F.3d at 337 ("same set of facts"); Craycraft, 167 F.3d at 457 ("same set of facts" and "both time and type").

For example, in United States v. Craycraft, the Eighth Circuit held that an untimely claim of ineffective counsel for not filing an appeal did not relate back to timely claims of ineffective counsel for not pursuing a downward departure, not objecting to the characterization of the drugs, and not raising challenges to his prior state conviction. Craycraft, 167 F.3d at 456-57. The court observed that amendments to a pleading under Rule 15(c) "relate back" "only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." Id. at 457. The court determined that "[i]f the ineffective conduct alleged by Craycraft in his first petition cannot be said to have arisen out of the same set of facts as his amended claim, his amendment cannot relate back and his claim must be time-barred since it was filed after the statutory period of limitation." Id. The court concluded that counsel's "[f]ailing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue." Id.

As emphasized by the Eighth Circuit, "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitation were intended to provide." Id. The court noted that "Craycraft's original complaint alleged deficiencies of representation distinctly separate from the deficiency alleged in his amendments." Thus the Eighth Circuit concluded that "[w]e cannot say that his original petition would provide notice of such a different sort of theory" and "[t]herefore, the amendment cannot relate back under Rule 15(c) and it must be time barred." Id.[8]

The Third Circuit found "Craycraft to be compelling precedent" and reached the same result in United States v. Duffus, 174 F.3d 333, 337 (3d Cir.), cert. denied, 120 S. Ct. 163 (1999). Duffus filed a timely § 2255 motion asserting that the district court incorrectly attributed fifty kilograms of cocaine to him and that his attorney was ineffective for failing to assert on appeal insufficiency of evidence to convict him of money laundering and failing to object at sentencing to the use of a recently amended guideline. Id. at 336. Duffus's proposed untimely amendment alleged another

_____

[8]Similarly this Circuit has observed that "[t]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993) (medical malpractice claim) (citing Woods Exploration & Producing Co., Inc. v. Aluminum Co. of Am., 438 F.2d 1286, 1299-1300 (5th Cir. 1971).

.

8

ineffective assistance of counsel claim, but this time for counsel's failing to move to suppress certain evidence. The Third Circuit held that "while Duffus asserted in his initial motion that his attorney had been ineffective, the particular claim with respect to failing to move to suppress evidence was completely new." Id. at 337. Finding the untimely amendment did not relate back under Rule 15(c), the Third Circuit concluded that "[a] prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period." Id. at 338.

The Fourth Circuit reached a similar result in United States v. Pittman, 209 F.3d 314 (4th Cir. 2000). Pittman's timely § 2255 motion alleged that (1) the district court lacked jurisdiction to enhance his sentence, (2) the enhancement for a prior conviction was improper, and (3) the government failed to establish that the drugs were "crack cocaine." See id. at 316. After the AEDPA deadline passed, Pittman filed a motion to amend raising two new claims: (1) the enhancement for obstruction of justice was improper and (2) his counsel was ineffective for not filing an appeal. Citing Craycraft, the Fourth Circuit concluded that "[t]hese new claims do not relate to his original claims because they arise from separate occurrences of both time and type." Id. at 318 (quotation omitted). Regarding the new enhancement for obstruction of justice, the Fourth Circuit noted that "[w]hile this claim has the same form as the

9

original claims for improper enhancement, it arises out of wholly different conduct." Id. The obstruction of justice enhancement arose from failure to appear at sentencing, whereas the other enhancements arose from a prior conviction and a finding that the drugs at issue were crack cocaine. The Fourth Circuit expressly rejected Pittman's argument that "both petitions allege constitutional defects surrounding the same 'occurrence' — [Pittman's] trial and penalty phases," reasoning as follows:

> Yet this holding views "occurrence" at too high a level of generality. The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress in the AEDPA. See Duffus, 174 F.3d at 337 (granting an untimely and unrelated amendment "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final").

Pittman, 209 F.3d at 318.

Guided by these decisions, we turn to Davenport's claims and conclude that his three new claims in his amended § 2255 motion did not arise from the same set of facts as his original claims, but arose from separate conduct and occurrences in both time and type. In his original § 2255 motion, Davenport claimed his counsel was ineffective for not objecting that the drugs Davenport had were not "crack cocaine," because they lacked sodium bicarbonate, for not objecting to the drug weight as

improperly including certain moisture content, and for not asserting that the government allowed its witness to perjure himself by claiming he expected no benefit. In contrast, Davenport's three new claims were that his counsel was ineffective for (1) allowing Davenport to be sentenced based on three grams of cocaine that were not part of the same course of conduct as the other forty-nine grams of cocaine, (2) relying on a summary lab report instead of requesting the complete lab report, and (3) failing to advise him that a plea agreement might be possible.

Although Davenport's original § 2255 motion challenged the moisture content and the lack of sodium bicarbonate in the drugs and counsel's failure to raise those issues, his original motion gives no indication that three grams in one drug transaction were not part of the same course of conduct or a common scheme of the other larger drug transaction and does not allege that his counsel was ineffective for not exploring this issue. The original claims thus dealt with the chemical makeup of the drugs, whereas the amended claims addressed the relationship between the drug transactions and his counsel's having improperly relied on a one-page lab summary instead of obtaining the full eleven-page lab report. Regarding the new claim asserting counsel's failure to advise Davenport of a possible plea agreement, Davenport's original § 2255 motion contains no mention of any such pre-trial activity or inactivity. Thus,

11

Davenport's three new claims do not arise out of the same set of facts as his original claims, but arose from separate conduct and occurrences in both time and type.

As a result, the three new claims in Davenport's amended § 2255 motion do not relate back to the date of his timely filed § 2255 motion. The district court correctly determined that the three new claims were time-barred under the AEDPA.

AFFIRMED.