[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11702
Non-Argument Calendar

_____

D. C. Docket Nos. 00-01001-CV-T-25-EAJ; 95-00237-CR-T-2

CYRIL AUBREY JOHN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 1, 2005)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Cyril Aubrey John, a federal prisoner proceeding pro se, was granted a certificate of appealability on the following issue:

> Whether the district court erred, in light of Davenport v. United States, 217 F.3d 1341, 1345-46 (11th Cir. 2000), by denying appellant's motion to supplement his 28 U.S.C. § 2255 motion to add new claims upon finding that the claims were not timely raised, given that the court considered the merits of appellants' original claims and did not consider whether the untimely claims related back to the timely filed claims

For the reasons stated more fully below, we affirm.

On May 22, 2000, John, a federal prisoner serving a 262-month sentence for conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, and importation of cocaine, filed a pro se motion to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. John previously had directly appealed his conviction and sentence raising the following issues: (1) whether admission of a codefendant's confession violated Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1988); (2) whether there was insufficient evidence to support a conspiracy; (3) whether the district court erred in calculating the drug quantity of the conspiracy at nine kilograms; (4) whether the district court erred by enhancing his sentence for obstruction of justice; (5) whether the district court erred by enhancing his sentence for his role as a manager or supervisor; and (6) whether the district court erred by finding he possessed a

2

weapon.  See United States v. Teekasingh, et al., United States v. John, Nos. 96-2187, 98-2618, (11th Cir. May 25, 1999) (unpublished).  His conviction and sentence were affirmed, and John filed a writ of certiorari with the United States Supreme Court, which was denied on November 29, 1999.  John v. United States, 528 U.S. 1034, 120 S.Ct. 561, 145 L.Ed.2d 436 (1999).

In his § 2255 motion, John raised four claims: (1) ineffective assistance of counsel because he was deceived into entering a stipulation conceding elements of the crimes charged; (2) error by the district court for accepting counsel's stipulation to elements of the crimes charged without ascertaining whether John was stipulating voluntarily; (3) abuse of discretion by the district court for basing his sentence on unreliable information, i.e, a lab report, in violation of Fed.R.Crim.P. 32, and (4) error in sentencing him as a "supervisor/manager" because the testimony of the government's key witness, Aviles, and his statement to a police officer, Rodriguez, were "all the facts necessary to determine" John's role in the conspiracy.

On September 6, 2000, John filed a motion to amend his § 2255 motion, raising three new claims, namely: (1) the charging indictment was invalid because it did not specify the particular drug quantity to be proven to a jury beyond a reasonable doubt and further failed to specify the penalty; (2) the enhancements

3

made to his sentence were not charged in the indictment either; and (3) the government knowingly used Aviles's false testimony to support John's conviction, requiring Avile's testimony to be suppressed and John's conviction overturned.

Next, on March 30, 2001, John filed a second motion seeking leave to amend his pleadings to include (1) a facial challenge to the sufficiency of proof submitted to the grand jury to secure the charging indictment and the evidence presented to the jury to secure a conviction and (2) a challenge to the judicial determination of the nature, type, and quantity of drugs attributable to him at sentencing under Apprendi v. New Jersey, 503 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied John leave to amend, finding that (1) Apprendi claims did not apply retroactively on collateral review and (2) John's new claims did not arise out of the same facts as his original filing and, therefore, the statute of limitations under AEDPA time-barred his newly-raised claims.

Nearly one year later, on March 22, 2002, John again requested leave to amend his § 2255 pleading (without indicating a new claim) and to file a supplemental memorandum that he believed would establish that the government knowingly presented false testimony (through Aviles) at trial and, absent the false testimony, there would be insufficient evidence to sustain his conviction. Before any ruling had been made, John then filed for leave to expand the record to include

4

additional materials he believed were relevant to the issues raised in his initial § 2255 motion. On August 14, 2002, John filed, again before the district court had ruled on his previous requests, a motion to amend his original pleadings, this time arguing that (1) counsel failed to present a statement made by Rodriguez that would have corroborated John's testimony, making his sentence enhancement for obstructing justice invalid; (2) counsel's failure to present Rodriguez's statement led to John's enhancement for use of a dangerous weapon, which should also be reversed; and (3) counsel's failure to present Rodriguez's statement unfairly prejudiced John's entire trial. John argued that these claims related back to issue four of his original § 2255 filing and that each was grounds for a finding of ineffective assistance of counsel.

On March 5, 2004, the district court denied as untimely John's motions to amend from March 22, 2002, and August 14, 2002. It further denied John's September 6, 2000, motion to amend/supplement, finding that it would be "futile to allow [John] to raise the amendments he seeks." Finally, it denied John's motion to expand the record. On March 8, 2004, the district court denied John's § 2255 motion on the merits, finding that (1) John's ineffective assistance of counsel claim regarding the entry of his stipulation to elements of the crime failed because the stipulation was a tactical move, consented to by John and his attorney and, in any

5

event, the evidence against John was overwhelming and John could show no prejudice; (2) John's claim that the court erred by accepting the stipulation was procedurally barred because it was not raised on direct appeal, with no excusable cause for ineffective assistance of counsel, but that, in any event, there was no requirement for the court to address John personally at trial regarding a stipulation as to drug type and quantity; (3) John's claim that the court relied on an unreliable lab report at sentencing was procedurally barred and John had failed to establish cause and prejudice; and (4) John's challenge to his sentence enhancement for being a manager/supervisor was procedurally barred but, in any event, while the claim made on direct appeal was not exactly the same as the one raised in John's § 2255 motion, we previously had found that the district court did not commit plain error by finding that John exercised a managerial/supervisory role.

John filed a motion to alter or amend the district court's judgment, arguing inter alia that his claims should not be considered procedurally defaulted because he had shown that his trial counsel was ineffective and he had a claim of actual innocence. He also argued that his claim as to managerial/supervisory role should not have been denied because it was based on the government's use of knowingly false testimony. The district court granted the motion in part to amend its order a finding of fact that John had filed for certiorari with the Supreme Court, which was

6

denied on November 29, 1999, meaning that John had until November 29, 2000, to file his § 2255 motion. The court also stated that it would reconsider its denial of John's motion to supplement his original § 2255 motion, filed on September 6, 2000, which would be addressed in a corrected order.

Finally, on March 31, 2004, the district court issued its amended order to reflect John's filing of certiorari, reiterated its earlier ruling on John's original § 2255 motion, and denied all of the claims John raised in his September 6, 2000 motion to supplement or amend his original § 2255 motion. It found that the three claims John raised were procedurally barred because they were not raised on appeal and John had failed to demonstrate actual innocence in light of the overwhelming evidence of his guilt. Moreover, as to John's claim that the indictment was deficient for failing to allege drug type or quantity or any of the facts used to enhance his sentence, the court found that these were Apprendi claims, and Apprendi did not apply retroactively to cases on collateral review or to the Federal Sentencing Guidelines. Finally, as to John's claim that Aviles had testified falsely, the court found that John had failed to demonstrate how the testimony was false or that the government knowingly used the testimony to convict him.

John filed for a certificate of appealability, which the district court denied,

finding that John had failed to make a substantial showing of the denial of a constitutional right. Subsequently, we granted a COA on the sole issue of whether the district court erred by failing to consider whether the claims raised in John's motions to amend, denied for being untimely, related back to his original, timely-filed claims.

John filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996); therefore, the provisions of that act govern his appeal. On appeal, John argues that his untimely claim, that counsel failed to present Rodriguez's statement at trial, a statement which he believes would have contradicted testimony used to convict and sentence him, relates back to his original claim because his original claim included both the statement and an argument that the statement negated his sentence enhancement for being a manager/supervisor. He next argues that his claim that the government knowingly used false testimony at trial relates back to his original claims, but does not state why. The remainder of John's brief does not address the sole issue listed in the COA.

We review "a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions de novo." Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002). In "an appeal brought by an

8

unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA." Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998). Therefore, the only issue before us is whether the district court erred in light of Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000) by failing to consider whether or not John's untimely claims, raised in motions to amend or supplement his original motion, "relate-back" to his timely-filed claims.

Pursuant to Fed.R.Civ.P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." Davenport, 217 F.3d at 1344. In a § 2255 motion, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Id. "Instead . . . the untimely claim must have arisen from the 'same set of fact' as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." Id.

As a preliminary matter, the only motion to amend or supplement John's § 2255 claims properly before us is the August 14, 2002, motion because (1) the

9

claims raised in John's September 6, 2000, motion to amend were timely and, therefore, addressed on the merits; (2) John's March 30, 2001, amended claims were untimely, but the district court ruled on those claims, finding that they did not arise out of the same facts as his original filing and, therefore, were time-barred under AEDPA; and (3) John's motions to file a supplemental memorandum and to expand the record to include additional materials did not raise any new claims and, therefore, the relation-back doctrine is inapplicable.  Accordingly, under our limited review of the issue presented in the COA, the only claims before the court are those that were denied as untimely without considering whether or not they related-back as defined in Davenport.  Those claims are the ones raised by John on August 14, 2002, and denied as untimely by the court on March 5, 2004.[1]

Because John's petition for certiorari was denied on November 29, 1999, he had until November 29, 2000, to timely file all claims for a § 2255 motion. See 28 U.S.C. § 2255; Clay v United States, 537 U.S. 522, 525-27, 123 S.Ct. 1072, 1075-76, 155 L.Ed.2d 88 (2003).  Accordingly, his August 14, 2002, motion to amend

---

[1] In its March 5, 2004, order, the district court makes reference to John's "proposed amended § 2255 motion," filed on October 25, 2002.  The court mentioned the issues presented in that amended motion and even went so far as to find that the amended motion alleged grounds not previously raised in John's original § 2255 motion.  However, the court did not deny the amended motion, but instead struck it from the record altogether, choosing to proceed on the original § 2255 motion filed March 22, 2000.  As the record reveals, John's October 25, 2002, proposed amended § 2255 motion was indeed stricken from the record pursuant to court order.  Because the motion was stricken, and the COA does not cover the district court's decision to strike John's entire filing, that issue is not before us.

10

with new claims was untimely. The claims raised in John's August 14, 2002, motion to amend were: (1) trial counsel failed to present a statement made by Rodriguez that would have corroborated John's testimony, making his sentence enhancement for obstructing justice invalid; (2) trial counsel's failure to present Rodriguez's statement led to John's enhancement for use of a dangerous weapon, which should also be reversed; and (3) trial counsel's failure to present Rodriguez's statement unfairly prejudiced John's entire trial.

The only similarity between John's timely filed claims and his untimely filed claims is that John mentions, in his original § 2255 claims, that Aviles's statement to Rodriguez constituted "all the facts necessary" to determine whether John played a role as a manager or supervisor, and in his motion to amend, John seeks to introduce a statement made by Rodriguez. According to John, however, that statement that would (1) corroborate John's testimony and void the obstruction of justice enhancement; (2) void his possession of a weapon enhancement; and (3) prove that his entire trial had been prejudiced because his counsel was ineffective by failing to introduce that statement. However, the failure of counsel to introduce Rodriguez's statement at trial, if it were in error, "arose from separate conduct and occurrences in both time and type" than any of John's timely filed claims and, accordingly, the district court did not err under Davenport. See

11

Davenport, 217 F.3d at 1346 (holding, inter alia, that although plaintiff's original § 2255 motion challenged the moisture content and the lack of sodium bicarbonate in the drugs and counsel's failure to raise these issues, his claim that he was sentenced on the basis of three grams of cocaine that were not part of the same course of conduct as the other 49 grams of cocaine did not "relate back" to the original).

Accordingly, we conclude that the district court did not err when it denied John's motion to amend his § 2255 claims because those claims did not relate back to John's timely-filed § 2255 claims.

**AFFIRMED.**