[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2005
THOMAS K. KAHN
CLERK

No. 04-13534

D. C. Docket Nos. 99-07359-CV-SH
94-06114 CR-SH

FLOYD MCLEAN,

Plaintiff-Appellee,

versus

UNITED STATES OF AMERICA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(September 8, 2005)**

**ON PETITION FOR REHEARING**

Before DUBINA and WILSON, Circuit Judges, and LAWSON*, District Judge.

PER CURIAM:

---

*Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia,
sitting by designation.

On July 27, 2005, the government filed a petition for panel rehearing. We directed the appellee to file a response to the government's petition. On August 24, 2005, the appellee complied with our order.

After reviewing the petition and the response thereto, we grant the petition for rehearing, withdraw our previous opinion filed on June 13, 2005, and substitute the following in lieu thereof.

The Supreme Court decided the case of *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2562 (June 23, 2005) ten days after we issued an opinion in this case, wherein we affirmed the district court's finding that McLean's amended claim related back to his original, timely filed § 2255 petition. In *Mayle*, the Supreme Court held: "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in time and type from those in the original pleading set forth." 125 S. Ct. at 2566. Although the Court's approach to interpreting amendments to pleadings in this context was already the law in this circuit, *see Davenport v. United States*, 217 F.3d 1341, 1344-46 (11th Cir. 2000), its opinion provided further guidance in this area. *See Mayle*, 125 S. Ct. at 2569-2575.

In *Mayle*, the defendant-appellant timely alleged that his conviction violated the Fifth Amendment because videotaped statements of a witness were played for

2

the jury in violation of his right to confront the witness. *Id.* at 2566. However, five months after the one-year limitation imposed under the AEDPA expired, he moved to amend his petition to add another claim regarding his pretrial statements to the police. *Id.* The magistrate judge denied the amendment, reasoning the claim did not relate back:

> [The defendant's] allegedly involuntary statements to police did not arise out of the same conduct, transaction, or occurrence as the videotaped interrogation of prosecution witness Kenneth Williams.

125 S. Ct. at 2568. The magistrate judge also found that "it did not suffice that [the Defendant's] Fifth and Sixth Amendment claims attack the same criminal conviction." *Id.* The district court then adopted the magistrate judge's recommendation for dismissal of the defendant's claim. *Id.* On appeal, however, the Ninth Circuit reversed the district court, finding that the defendant's "trial and conviction in state court" constituted a "transaction" within the meaning of Rule 15(c)(2). *Id.*

The Supreme Court reversed the Ninth Circuit. *Id.* at 2566. In reaching its holding, the Court stressed that "[in interpreting Fed. R. Civ. P. 15(c)(2)'s relation back provision in this context,]the key words are conduct, transaction, or occurrence." 125 S. Ct. at 2570. The Court further reasoned:

3

> Habeas Corpus Rule 2(c) . . . instructs petitioners to
> specify all available grounds for relief and to state the
> facts supporting each ground. Under that rule, [the
> defendant's] Confrontation Clause claim would be
> pleaded discretely, as would his self-incrimination claim.
> Each separate congeries of facts supporting the grounds
> for relief, the Rule suggests, would delineate an
> "occurrence." [The defendant's] approach, the approach
> that prevailed in the Ninth Circuit, is boundless by
> comparison. A miscellany of claims for relief could be
> raised later rather than sooner and relate back, for
> "conduct, transaction, or occurrence" would be defined
> to encompass any pretrial, trial, or post-trial error that
> could provide a basis for challenging the conviction. An
> approach of that breadth . . . views "occurrence" at too
> high a level of generality.

125 S. Ct. at 2573 (quotation marks and citation omitted). Relation back, the

Court explained, is only allowable "when the claims added by amendment arise

from the same core facts as the timely filed claims, and not when the new claims

depend upon events separate in 'both time and type' from the originally raised

episodes." *Id.* at 2571 (citation omitted).

In the instant case, under *Mayle* and *Davenport*, we cannot say that

McLean's amended claim regarding his counsel's failure to show him a videotape

of a drug transaction, and the affect this would have had on plea negotiations,

relates back to any of his timely filed § 2255 claims.[1] The magistrate judge

---

[1] We review *de novo* the magistrate judge's conclusions of law as adopted by the district court. *Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 n.4 (11th Cir.

erroneously concluded McLean's claim related back stating: "Although this precise issue was not fully articulated in any of McLean's prior pleadings, he complained throughout his pleadings that counsel did not adequately prepare for trial." The magistrate judge's rationale here is guilty of the "high level of generality" the Supreme Court warned against in *Mayle*, as a plethora of potential claims regarding pretrial and trial errors can fit under the umbrella of failure to adequately prepare for trial. 125 S. Ct. at 2573.

Accordingly, based on the foregoing discussion, we reverse the district court's order granting McLean's § 2255 motion.

**REVERSED.**

---

1998).