[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2006
THOMAS K. KAHN
CLERK

No. 05-12550
Non-Argument Calendar
_____

D. C. Docket No. 02-21079-CV-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE PIECE OF REAL PROPERTY
LOCATED AT 5800 SW 74TH AVENUE,
MIAMI, FLORIDA, more particularly
described as Lot 3, Block 3 of
Camner Estates according to the
Plat Book 58, at page 21 of the public
records of Dade County, Florida
together with all appurtenances thereto
and all improvements thereon,

Defendant,

STEVEN HABAN,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 25, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Steven Haban, the owner of the property in question, appeals the district court's grant of summary judgment in favor of the government in an in rem civil forfeiture action, 21 U.S.C. § 881(a)(7). The Government alleged in its complaint that the property had been used to commit or facilitate the commission of a violation of the Controlled Substances Act. Police officers investigating a marijuan- growing operation conducted a warrantless search of Haban's residence and located 84 marijuana plants, 767 grams of marijuana, and $45,000 in cash.

On appeal, Haban first argues that the district court clearly erred in finding that he voluntarily consented to the search of his house and seeks suppression of the marijuana evidence found therein. "A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's factual findings as true unless the findings are shown to be clearly erroneous. Id. "[A]ll facts are construed in the light most favorable to the prevailing party below." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). The district court's application of the law to the facts is reviewed de novo. Id.

"Credibility determinations are typically the province of the fact finder

2

because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). We have held that a "trial judge's choice of whom to believe is conclusive on the appellate court unless the judge credits exceedingly improbable testimony." Id. (internal citations and punctuation omitted) (emphasis in the original).

In this case, the magistrate found that the testimony of Haban and his girlfriend was not credible, in light of their denials and minimizations of their participation in any illegal activity. Specifically, among other things, the court noted that they claimed that much of the marijuana was for personal use and denied any prior knowledge about the marijuana, but that (1) Haban had admitted to growing 36 pounds of marijuana over 9 months, worth $216,000, and it would have been "virtually impossible" for him to consume that amount of marijuana, (2) the residence smelled of marijuana, and (3) there were marijuana and growing apparatuses throughout the house. Conversely, the magistrate judge credited the testimony of the police officers and, based on the totality of the circumstances, ultimately found that Haban had given voluntarily consented to the search and voluntarily waived his Miranda rights. Because the police officer's testimony was not exceedingly improbable, the district court did not err in finding her credible,

and, thus, did not err by finding that Haban voluntarily consented to the search of his home.

Haban next argues that the district court erred in denying him a de novo evidentiary hearing on his motions to suppress the physical evidence and his confession. He concedes that the Supreme Court has held that a district court is not required to conduct a de novo evidentiary hearing on a motion to suppress when a magistrate judge has conducted an evidentiary hearing, but he asserts that the instant case is distinguishable. He asserts that the Supreme Court only has considered this question in relation to a confession, whereas, here he seeks to suppress physical evidence. Alternatively, he argues that the Supreme Court should overrule the existing precedent. Finally, Haban contends that the district court abused its discretion in denying his motions without a hearing because the police officers' testimony was contradictory.

A district court judge may designate a magistrate to conduct suppression hearings, but must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B). The Supreme Court has held that "the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980). The Court noted that the

4

district court may, in its discretion, opt to conduct a <u>de novo</u> evidentiary hearing. <u>Id.</u> at 676, 100 S.Ct. at 2413. We have recognized that holding, noting that the district court's statutory obligation is satisfied "as long as the judge, rather than the magistrate, exercises 'ultimate adjudicatory power.'" <u>Proffitt v. Wainwright</u>, 685 F.2d 1227, 1237 (11th Cir. 1982). Because the Supreme Court has held that a district court is not required to conduct a <u>de novo</u> evidentiary hearing when a party objects to a magistrate's recommendations, the district court did not abuse its discretion by denying Haban a <u>de novo</u> evidentiary hearing.

Finally, Haban filed a motion in the district court for leave to file a supplemental answer to the complaint, asserting that collateral estoppel was an affirmative defense that had not been available at the time when he filed his initial answer. Specifically, he argued that, since the time when he filed his initial answer, the Florida state court had granted his motions to suppress the same evidence in a criminal proceeding stemming from the same activity. Consequently, Haban sought, essentially, to enforce the state court ruling in the federal proceedings. The district court denied the motion, and, on appeal, Haban argues that we have accepted a policy of liberal amendments in regard to supplemental pleading, and thus, because there was no good reason for denying leave to supplement a pleading, the district court abused its discretion in denying

the motion. He asserts that there would have been no prejudice to the government due to the amended pleading, and a supplemental pleading was the appropriate vehicle for asserting the defense of collateral estoppel. Next, he argues that he only needed to show that the claim was potentially meritorious, or not futile, and that a claim that may survive a motion to dismiss is not futile. He states that the district court appeared to find that his claim was futile, but the case to which it cited did not stand for the proposition for which it was offered. Finally, he argues, applying Florida law, all the elements of collateral estoppel are present in the instant case.

Federal Rule of Civil Procedure 15(d) provides:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Fed.R.Civ.P. 15(d). The district court's application of Rule 15 is reviewed for an abuse of discretion. Davenport v. United States, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000). We have accepted a policy of liberal amendments and supplements to the pleadings under Rule 15. See Harris v. Garner, 216 F.3d 970, 984 (11th Cir. 2000).

6

However, there is no error here.  Because this Court held, in an earlier appeal in this case, that a state court's ruling on a motion to suppress was not binding on the federal court, the law-of-the-case doctrine barred the district court from reconsidering the issue.  Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no reversible error in any of the claims asserted.

**AFFIRMED.**