[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11835
Non-Argument Calendar

_____

D. C. Docket No. 04-00025-CV-BH

BENNIE C. COX,

Petitioner-Appellant,

versus

WARDEN JERRY FERRELL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 10, 2008)**

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Bennie C. Cox, an Alabama prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. Cox argues that the district court erred by dismissing his § 2254 petition as untimely, asserting that the magistrate judge erroneously determined that he filed his § 2254 petition on March 15, 2004, in light of the magistrate's order directing the clerk of court to treat his initial petition as "binding." Cox asserts that he timely filed his initial § 2254 petition on January 12, 2004, more than 30 days before the limitations period expired.

For the reasons set forth more fully below, we vacate and remand for further proceedings.

We review de novo the district court's dismissal of a § 2254 petition as untimely. Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations for writs of habeas corpus that runs from, inter alia, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). A

2

petitioner's application for state post-conviction relief remains pending until the time expires to seek review of a state court decision in the next highest state court. Cramer v. Secretary, Dep't of Corr., 461 F.3d 1380, 1383-84 (11th Cir. 2006).

Here, the record establishes that the limitations period began to run on June 29, 2001, 14 days after the Alabama Court of Criminal Appeals affirmed Cox's convictions, and was set to expire on July 1, 2002.[1] See Ala.R.App.P. 39(c)(2). The limitations period was tolled, however, when Cox filed a petition for state post-conviction relief pursuant to Ala.R.Crim.P. 32 on June 27, 2002. 28 U.S.C. § 2244(d)(2). At the time Cox filed his initial § 2254 petition on January 12, 2004, his Rule 32 petition was still pending in state court. The district court, however, did not take any action with respect to Cox's initial petition. Although Cox's initial § 2254 petition arguably was filed prematurely, it was nevertheless timely, having been filed before the limitations period expired. See Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004). On February 13, 2004, the Alabama Supreme Court denied Cox's petition for certiorari concerning his Rule 32 petition. Cox subsequently filed a second § 2254 petition advising the district court of this development on March 15, 2004.

_____

[1] Because the 365th day of the limitations period was scheduled to fall on Saturday, June 29, 2002, Cox would have had until Monday, July 1, 2002, to file his § 2254 petition. See Fed.R.Civ.P. 6(a).

3

At the time Cox filed his state Rule 32 petition, 363 days had elapsed since the date his conviction became final, leaving him 2 days in which to file a petition for relief under 28 U.S.C. § 2254 after the Alabama Supreme Court denied certiorari review on February 13, 2004. Accordingly, based on its filing date of March 15, 2004, Cox's second § 2254 petition was untimely on its face. However, in the context of a § 2254 petition, an amended claim that would be time-barred pursuant to the AEDPA's one-year limitations period may be timely if it relates back to the original petition. Fed.R.Civ.P. 15©); Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000). An amended claim "relates back to the date of the original pleading" if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P.15(c)(2); Davenport, 217 F.3d at 1344. It is not enough, however, that the amended and original claims arose from the same general proceedings. Davenport, 217 F.3d at 1344. The amended claim must arise from the same set of facts as the claims contained in the original petition. Id. at 1346.

A review of the two petitions indicates that Cox raised identical claims of ineffective assistance of counsel in both petitions. Indeed, the magistrate found they were "nearly identical." The sole difference between the two filings is that the amended petition indicates that, in February 2004, the Alabama Supreme Court

4

denied Cox's petition for certiorari as to his state Rule 32 petition for post-conviction relief. Therefore, Cox's amended petition satisfies the requirements for relation back to his initial petition because it articulates identical claims based on the same set of facts and occurrences. Although the record indicates that the district court correctly determined that Cox's second petition was an amended petition, it inexplicably based its analysis on the March 2004 filing date, instead of relating the amended petition back to the timely initial motion for statute of limitations purposes. We have held that, when an untimely habeas petition simply cures a technical defect in a previous, timely filed habeas petition, a district court abuses its discretion by not construing the second habeas petition as an amendment that cured the initial technical defect and related back to the timely initial motion. Mederos v. United States, 218 F.3d 1252, 1253-54 (11th Cir. 2000) (applying Fed.R.Civ.P. 15(c)(2) in the context of a motion pursuant to 28 U.S.C. § 2255). Accordingly, the district court erred by dismissing Cox's petition as untimely.

In light of the foregoing, we **VACATE** the district court's order and **REMAND** for further proceedings.