[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2011
JOHN LEY
CLERK

No. 10-12863
Non-Argument Calendar
_____

D.C. Docket No. 2:90-cr-00001-WCO-SSC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM SCOTT HAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 22, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

William Scott Hames, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to amend his original 28 U.S.C. § 2255 motion to vacate, pursuant to Federal Rule Civil Procedure 15(c)(1)(B). Hames argues that the district court erred in dismissing his motion to amend for lack of subject-matter jurisdiction when it concluded that his motion was a second or successive § 2255 motion that he did not have authorization to file.[1]

We review questions regarding subject-matter jurisdiction *de novo*. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998). We review a district court's application of Rule 15(c) for abuse of discretion. *Davenport v. United States*, 217 F.3d 1341, 1343 (11th Cir. 2000).

Rule 15(c) allows, in specific circumstances, "an amendment to a pleading [to] relate[ ] back to the date of the original pleading." Rule 15 can be used in cases where a defendant files a timely § 2255 motion and then later files an amendment or additional motion that relates back to the original § 2255, but

---

[1] Hames also argues that the district court erred in denying his motion for a Certificate of Appealibility (COA). Hames lacks a COA to appear before this court, but a COA is not required when a prisoner seeks review of the dismissal of an "amended" § 2255 motion for lack of subject-matter jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (concluding COA not required for consideration of district court's order because "the district court's decision dismissing the [a]mended [p]etition is not a final order" under 28 U.S.C. 2253(c), but rather "a final order dismissing the [a]mended [p]etition for lack of subject matter jurisdiction.") (internal quotation marks and citation omitted). Thus, this court has jurisdiction to consider the merits of the district court's order under 28 U.S.C. § 1291.

would otherwise be untimely. *Davenport*, 217 F.3d at 1344. An amendment "relates back" to the date of the original pleading if it, "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Importantly, a motion under § 2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application. *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010). Finally, 28 U.S.C. §2255(h) requires that any prisoner who wishes to file a second or successive § 2255 motion to vacate must first file a request with this court for an order authorizing the district court to consider the motion. Without such authorization, the district court does not have jurisdiction.

Hames filed his "motion relating back to original § 2255 motion" over ten years after final judgment was entered in his original § 2255 case. Further, Hames did not have authorization from this court to file a second or successive § 2255. Therefore, the district court did not err in dismissing the motion to amend for lack of subject-matter jurisdiction. The decision of the district court is **AFFIRMED.**

3