[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11264
Non-Argument Calendar

_____

D.C. Docket Nos. 1:14-cv-22340-RNS; 1:11-cr-20698-RNS-3

FRANK J. BALLESTEROS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2018)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Frank J. Ballesteros appeals the denial of his amended motion to vacate his sentence. 28 U.S.C. § 2255. After the expiration of the one-year statute of limitation, *id.* § 2255(f), Ballesteros moved to supplement his amended motion with new claims, but the district court ruled that the new claims were untimely. We issued a certificate of appealability to address two issues: (1) whether Ballesteros's supplemental claim that his trial counsel was ineffective for failing to object to calculations in his presentence investigation report was timely under the relation-back doctrine; and (2) whether the district court should have treated Ballesteros's supplemental claim "that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory and impeaching evidence. . . [as] timely under 28 U.S.C. § 2255(f)(4)." We affirm.

In 2012, a jury convicted Ballesteros, a physician, of conspiring to possess with intent to distribute oxycodone and oxymorphone, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, two counts of possessing with intent to distribute oxycodone and oxymorphone, *id.* §§ 841(a)(1), 841(b)(1)(C); 18 U.S.C. § 2, and conspiring to defraud Medicare, *id.* § 1349. Ballesteros appealed his conviction for conspiracy for health care fraud, and we affirmed. *United States v. Ballesteros*, 523 F. App'x 611 (11th Cir. 2013). That judgment became final 90 days later when Ballesteros failed to petition the Supreme Court for a writ of certiorari. *See* Sup. Ct. R. 13.

On May 25, 2014, Ballesteros filed a *pro se* motion to vacate, which he later amended to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings. 28 U.S.C. § 2255. As provided in the order to amend, Ballesteros's "amended motion [became] the sole operative pleading in [the] case and only the claims listed in it [would] be considered by the Court, subject to all timeliness and procedural requirements."

Ballesteros's amended motion raised 12 issues challenging the effectiveness of his trial and appellate counsel. Ballesteros alleged that his trial counsel was ineffective for failing to move to sever his trial from codefendant Billy Joe McCoy, to explain the advantages and disadvantages of testifying at trial, to inform Ballesteros of a plea offer, to request the district court judge to recuse, to call certain witnesses, and to present *Brady* material and evidence that had been suppressed by the district court and withheld by the government. Ballesteros also alleged that his appellate counsel was ineffective for "fail[ing] to raise on Appeal, Sentencing Objections preserved by [his] trial attorney," who had "object[ed] regarding [the] amount of 'total loss'" and to the "'amounts'[ of drugs] where the Court based its determination[s] . . . on a so-called 'spread sheet.'"

In January 2015, Ballesteros moved to supplement his amended motion. Ballesteros sought to add new claims that his trial counsel was ineffective for failing to object at sentencing to the use of the spreadsheet used to determine his

drug quantity and to calculate restitution and for failing to move for a new trial based on *Brady* violations that he had discovered in another case.

The government opposed Ballesteros's amended motion and argued that his supplemental claims were untimely and did not relate back to his earlier pleading. The district court adopted the recommendation of a magistrate judge to deny Ballesteros's amended motion and to treat his new claims as untimely. The district court ruled that Ballesteros's motion to supplement did not relate back to his amended motion.

The district court did not err by dismissing as untimely Ballesteros's new claim that trial counsel was ineffective at sentencing. Ballesteros filed his motion to supplement more than one year after his conviction became final, *see* 28 U.S.C. § 2255(f), so his new claim was untimely unless it related back to his amended motion. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000); Fed. R. Civ. P. 15(c). The amended motion became Ballesteros's "sole operative pleading" when he filed it in the district court, and it was the only pleading that we mentioned in our order granting his certificate of appealability. For Ballesteros's new claim to relate back, it had to "ar[i]se out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the" amended motion. *See* Fed. R. Civ. P. 15(c)(1)(B). Ballesteros's new claim involves "an entirely different transaction" and falls outside what "Rule 15(c) contemplates[, which is] that

4

parties [can] correct technical deficiencies or expand facts alleged in the original pleading . . . ." *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002). Ballesteros's new claim challenged trial counsel's failure to object at sentencing to a spreadsheet used to calculate his sentence and restitution, but his earlier amended motion discussed deficiencies in counsel's pre-trial strategy, consultation, and negotiations and counsel's conduct during trial. And Ballesteros's new claim was at odds with his amended motion in which he commended trial counsel for "preserv[ing] [his] objection[s]" to the spreadsheet and blamed appellate counsel for failing to appeal the "preserved" issue. Because Ballesteros's new claim involved "a separate occurrence in both time and type" from that mentioned in his amended motion, *Davenport*, 217 F.3d at 1344, the new claim did not relate back and was untimely.

As to Ballesteros's *Brady* claim, the scope of our review is limited to the issue identified in the certificate of appealability, *Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340 (11th Cir. 2007), which is whether the claim was based on newly discovered evidence that triggered a new period of limitation, *see* 28 U.S.C. § 2255(f)(4). Ballesteros argues that the *Brady* claim was timely because it related back to his amended motion, but we squarely rejected that argument when we granted a certificate of appealability. That argument "simply will not be reviewed" again. *Tompkins v. Moore*, 193 F.3d 1327, 1332 (11th Cir. 1999). A

judge of this Court certified instead that "reasonable jurists would debate the district court's conclusion that the claim was untimely" on the ground that he had "asserted a valid claim of the denial of constitutional rights—that the government violated due process by failing to disclose *Brady* material and counsel was ineffective or failing to move for a new trial on that basis." *See Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996) (en banc) ("Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge."). In his reply brief, Ballesteros refuses to address the issue we certified because the district court never addressed it, but we asked Ballesteros to brief whether the district court erred by failing to consider it. By refusing to address the issue identified in the certificate of appealability, Ballesteros has waived his *Brady* claim.

We **AFFIRM** the denial the Ballesteros's amended motion to vacate.