[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11544
Non-Argument Calendar
_____

D.C. Docket Nos. 0:15-cv-62623-DPG; 0:14-cr-60100-DPG-1


MARCKENSON CHERY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 6, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Marckenson Chery, proceeding *pro se*, appeals from the district court's denial of his amended 28 U.S.C. § 2255 motion to vacate his 144-month sentence for enticing a minor to engage in sexual activity.  We granted a certificate of appealability as to "[w]hether the district court erred in its conclusion that no claim in Chery's amended 28 U.S.C. § 2255 motion related back to a claim in his original, timely, motion, and, therefore, whether its subsequent denial of Chery's § 2255 motion as time-barred was correct."[1]  We affirm.

A Section 2255 motion must be filed within one year of the latest of several events, including (as relevant here) the date on which the judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  An amendment to a Section 2255 motion "relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B). A claim asserted after the one-year period cannot be revived simply because it arises out of the same trial, conviction, or sentence as a timely-filed claim.  *Mayle v. Felix*, 545 U.S. 644, 662 (2005).  A new claim relates back to prior claims only if they are "tied to a common core of operative facts."  *Id.* at 664.  That is, the untimely claim "must have more in common with the timely filed claim than the

---

[1] Our review is *de novo*.  *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

2

mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Here, Chery had until March 31, 2016 (at the latest) to file his Section 2255 motion. Chery's initial motion—filed on December 15, 2015—was timely. Construed liberally, that motion alleged that his counsel was ineffective for the following reasons: (1) failing to object to the lack of a statement of reasons for an upward sentencing departure; (2) pressuring him to sign a plea agreement by exaggerating the potential "sentencing exposure" and withholding the complete terms of the plea agreement, all of which rendered his guilty plea involuntary and unknowing; (3) failing to raise a sentencing-disparity argument; (4) failing to object to certain conditions of supervised release; and (5) failing to address unresolved issues in the presentence investigation report.

On April 19, 2016—after the deadline for filing a Section 2255 motion had passed—Chery sought leave to file "supplemental" pleadings, which the district court denied because the pleadings were "undecipherable" and exceeded the page limitation provided by local rules. The court instead ordered Chery to file a single, concise, amended motion setting forth all of his claims. The court informed Chery that the amended motion would be the operative pleading, and that the court would consider only the claims raised in the amended motion. The court "cautioned, however, that any claims raised in [the] amended motion should comply with the

3

relation back doctrine, as enunciated in *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000)." The court warned that "[f]ailure to do so may result in dismissal of the claim as time-barred."

Chery filed his amended motion on June 3, 2016. Construed liberally, the motion asserted (1) that his counsel rendered ineffective assistance by failing to challenge the charges against him on the ground that his underlying conduct did not violate the statute (what Chery characterized as an "actual innocence" claim), and (2) that the government engaged in selective prosecution based upon his race. On August 1, 2016, Chery filed a pleading styled as a "motion for clarification of amended motion claims." In that pleading, Chery stated that he did not seek to "add or subtract any claims" and "simply [sought] to clarify and identify each claim" in his amended motion. The pleading then went on to list out five new ineffective-assistance-of-counsel claims (in addition to the two claims asserted in the amended motion), all of which reiterated his argument that his underlying conduct did not violate the statute and that his lawyer never told him that.

Because Chery's amended motion was filed after the one-year limitation period for filing a Section 2255 motion had expired, the claims in that motion are timely only if they relate back to the claims asserted in his original, timely motion. *See Davenport*, 217 F.3d at 1344. The district court did not err in concluding that neither of the claims in Chery's amended motion relate back to the claims in his

4

original motion because they "arose from separate conduct and occurrences in both time and type." *Id*. at 1346.  Chery argues he presented his claim that his plea agreement was not entered knowingly or voluntarily because of counsel's ineffective assistance "in all three [of his] filings."  Br. of Appellant at 6.  We reject that argument.  In his original motion, Chery asserted that his counsel improperly pressured him to sign a plea agreement by overstating the consequences of not doing so and failing to provide him with a full copy of the agreement to review.  In his amended and "clarification" motions, Chery asserted that his counsel improperly failed to investigate his case and advise him that his underlying conduct did not violate the statute under which he was charged. Though Chery asserts that both courses of conduct rendered his plea involuntary, they were nonetheless "separate conduct and occurrences in both time and type." *Davenport*, 217 F.3d at 1346.

      **AFFIRMED.**