[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2002
THOMAS K. KAHN
CLERK

_____

No. 98-3106

_____

D. C. Docket No. 97-00109-4-CV-WS

STEVEN DEAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 10, 2002)**

Before WILSON, RONEY and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order barring Steven Dean's habeas corpus petition as untimely. Although convicted prior thereto, Dean filed his first habeas corpus petition *after* enactment of the Antiterrorism and Effective Death

Penalty Act ("AEDPA"), but within the AEDPA's one-year statute of limitations. He filed an amended petition after expiration of the statute of limitations. The district court applied the limitations period to the amended petition and held that four out of six claims raised in the amended petition were untimely because they did not "relate back" to the date of the original petition. The court granted a certificate of appealability on the issue of whether the disallowed claims related back to the original petition. We reverse as to three of the claims, and affirm as to one.

Steven Dean was convicted of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 365 months' imprisonment. His conviction was affirmed on July 3, 1991.

On April 24, 1996, the AEDPA was enacted. Among other things, the AEDPA imposed a one-year limitations period on petitions for habeas corpus filed pursuant to 28 U.S.C. § 2255. For prisoners like Dean, whose convictions became final before the enactment of the AEDPA, the deadline for filing such petitions was April 23, 1997. *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).

On April 9, 1997, Dean filed a petition pursuant to 28 U.S.C. § 2255, asserting eight claims. At that time, Dean clearly indicated that he needed to flesh-out his claims. Attached to his petition, Dean requested leave to file a late brief after reviewing materials from his attorney and the state court clerk which he claimed he

had just received. On August 19, 1997, Dean filed an amended petition, along with an attached memorandum in support of the petition, asserting six grounds upon which the district court should grant relief.

Since the August 19 amended petition was not filed within the one-year statute of limitations period proscribed by the AEDPA, the district court held it would consider only those claims that relate back to the timely filed April 9 petition. The court then concluded that amended grounds one, four, five, and six did not relate back to the original petition. Dean appeals that decision. Not before us on this appeal is the decision of the district court that although grounds two and three asserted in the August 19 petition did relate back to the original petition, they lacked merit.

Although Dean argues that he is entitled to equitable tolling because he requested and received leave to file a supplemental petition with the district court, that issue is not before us because the district court has issued a certificate of appealability on the first issue only.

The sole question on this appeal is whether Dean's amended claims relate back to the date of his original, timely-filed petition, such that his amended claims should be deemed timely and considered on the merits.

Because there was no time limit on the filing of habeas petitions before the AEDPA, the law of applying Rule 15(c) to such petitions is still developing. Congress

3

intended Rule 15(c) to be used for a relatively narrow purpose. In the Advisory Committee Note to the 1991 amendments to Rule 15, the advisory committee states that "[t]he rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts. *See generally Forzley v. AVCO*, 826 F.2d 974 (11th Cir. 1987). Thus, while Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment. See 6A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (2d ed. 1990).

The district court based its determination that the claims did not relate back in part on the fact that the original claims alleged almost no facts. If no facts were alleged in the original claims, the court reasoned, there can be no "core facts" on which to base a finding of relation back.

Since the date of that decision by the district court, this Court has offered guidance on the question of whether an amended 2255 petition relates back to the original petition. *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000). In *Davenport*, petitioner Joseph Davenport filed a habeas corpus petition after enactment

4

of the AEDPA, but within the one year grace period. Recognizing that this Court had not yet reviewed a Rule 15(c) petition in the context of a habeas corpus petition, we took guidance from other circuits in developing the rule:

> This Court has not addressed Rule 15(c) in the context of a § 2255 motion. However, three circuits have addressed this precise issue. All three circuits held that for an untimely § 2255 claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. *See United States v. Pittman*, 209 F.3d 314 (4th Cir.2000); *United States v. Duffus*, 174 F.3d 333 (3d Cir.), cert. denied, --- U.S. ----, 120 S.Ct. 163, 145 L.Ed.2d 138 (1999); *United States v. Craycraft*, 167 F.3d 451 (8th Cir.1999). Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." *Pittman*, 209 F.3d at 318 ('both time and type"); *Duffus*, 174 F.3d at 337 ("same set of facts"); *Craycraft*, 167 F.3d at 457 ("same set of facts" and "both time and type").

*Id.* at 1344.

The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based. This may be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim. Applying this rule to the instant case, we hold that three of Dean's

amended claims on appeal expand the facts, and serve to further specify his original claims. This is precisely the sort of amendment contemplated by Rule 15(c).

The *first claim* in the amended petition is that the government knowingly presented the perjured testimony of three named witnesses. In the original petition, Dean asserted the following claim:

> Ground one: Conviction obtained by use of Perjury Testimony and all parties failure to object. . . . all facts in support thereof will be submitted in Petitioner's brief at the time that said brief is completed.

Dean's amended petition arose out of the same conduct or occurrence set forth in the original pleading, *i.e.*, perjured testimony at trial. The amended ground one serves to add facts and specificity to the original claim; it specifies the exact witnesses that he alleges presented perjured testimony.

The *fourth claim* in the amended petition is that Dean's base offense level under U.S.S.G. § 2D1.1 (governing offenses involving unlawful manufacturing, importing, exporting, or trafficking of drugs, including possession with intent to commit these offenses) was calculated erroneously. He argues that applying the guideline would subject him to an *ex post facto* violation. The district court correctly held that Dean did not make this claim at all in his original petition, so the amended claim is time-barred. There is no claim in the original petition to which this amended claim could relate back.

The *fifth claim* in the amended petition is that the court failed to make individual findings as to the amount of crack cocaine with which he was involved. In this claim, Dean cited U.S.S.G. § 1B1.3(a)(1) (governing relevant conduct – factors that determine the guideline range). This relates back to ground two in Dean's original petition. There Dean contended:

> All parties mistaken believe [sic] and incorrect use of United States Sentencing Guideleines [sic] Sec. 1B1 and 3B1. . . . Later Clarification and Case Law governing said Section of the U.S.S.G. in question and aforementioned above.

Thus, the fifth claim in Dean's amended petition arose out of the same conduct or occurrence that he attempted to set forth in the original pleading, that is, misapplication of U.S.S.G. § 1B1 (governing general application principles of the guidelines). The district court considered ground five in the amended petition as "entirely new" because the original ground could have meant any one of ten subsections of § 1B1. This claim is more properly interpreted as a more carefully drafted version of the original claim, thus making the reference to § 1B1 in Dean's original petition sufficient to put the government on notice of the nature of his claim, regardless of his failure to state the specific subsection.

The *sixth claim* in the amended petition is that the district court erred in allowing evidence of uncharged misconduct. This claim relates back to Dean's

original ground H: "Court's failure in allowing the government to enter inadmissible evidence" at trial. Dean's amended claim arose out of the same conduct or occurrence set forth in the original pleading, *i.e.*, the district court's allowing the government to enter allegedly inadmissible evidence of uncharged misconduct at trial. The original claim gave notice that Dean believed that there was inadmissible evidence used against him at trial. The amended claim serves to specify that the allegedly inadmissible evidence was that of uncharged misconduct.

Amended claims one, five, and six meet the intent of Rule 15(c). These are not entirely new claims. Each of them serves to expand facts or cure deficiencies in the original claims.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.