[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14661
Non-Argument Calendar

_____

D. C. Docket Nos. 03-20335-CV-SH, 00-00933 CR-SH

RAUL ESPINOSA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Raul Espinosa appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate his sentence.  After review, we affirm.

## I. BACKGROUND

Following a jury trial, Espinosa was convicted of money laundering and sentenced to a term of 189 months' imprisonment.  Espinosa's conviction was affirmed on direct appeal.  His conviction became final on February 13, 2003, with the expiration of the time for filing a petition for certiorari.

On February 14, 2003, Espinosa filed his counseled § 2255 motion, raising claims that his trial counsel was ineffective at trial and sentencing.  At an evidentiary hearing on December 12, 2005, Espinosa also argued that his trial counsel had been ineffective prior to trial by failing to communicate with him regarding, inter alia, the government's discovery information, the facts of the case, potential defense witnesses or a defense theory.  After the hearing, the magistrate judge directed Espinosa to prepare a supplemental memorandum outlining his specific claims and the government to file a response.

In his supplemental memorandum, filed on January 3, 2006, Espinosa identified six pretrial ineffective assistance claims.  Specifically, he alleged that his trial counsel: (1) did not discuss the indictment, charges or sentencing options with him; (2) met with him only a few brief times; (3) did not discuss with him a defense theory, trial strategy or factual or legal defenses; (4) did not inform him of

2

his right to testify; (5) did not prepare him for a pre-trial <u>McLain</u> hearing;[1] and (6) did not review the government's discovery material.

The magistrate judge's report ("R&R") recommended denying Espinosa's § 2255 motion. With respect to Espinosa's six pretrial ineffective assistance claims identified in his January 3, 2006 supplemental memorandum, the magistrate judge concluded that only one–the failure to inform Espinosa of his right to testify–was raised in the original § 2255 motion. The magistrate judge found that the other five pretrial ineffective assistance claims were newly raised claims that did not relate back to the claims in his § 2255 motion. Because the newly raised claims were in the January 3, 2006 supplemental memorandum and that supplemental memorandum was not filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, the magistrate judge concluded the new claims were time-barred.

As for the preserved pretrial ineffective assistance claim, the magistrate judge concluded that Espinosa had not shown any prejudice with respect to his trial counsel's failure to inform him of his right to testify. The magistrate judge also

---

[1]Under <u>United States v. McLain</u>, a defendant must be informed if a criminal investigation against his attorney creates a potential conflict of interest. 823 F.2d 1457, 1463-64 (11th Cir. 1987), <u>overruled on other grounds as recognized by</u> <u>United States v. Watson</u>, 866 F.2d 381, 385 n.3 (11th Cir. 1989). Espinosa's trial counsel had been indicted on state racketeering, fraud and theft charges. At the <u>McLain</u> hearing, Espinosa indicated that he wished to keep his trial counsel.

found that Espinosa had failed to show any ineffective assistance with respect to his trial or sentencing.

Over Espinosa's objections, the district court adopted the R&R and denied Espinosa's § 2255 motion. Espinosa filed this appeal. We granted a certificate of appealability ("COA") on the following issue:

> Whether the district court erred in finding that appellant's argument, raised in his post-evidentiary hearing brief, that his counsel was ineffective for failing to discuss with him possible defenses, a defense theory or trial strategy prior to trial did not relate back to his 28 U.S.C. § 2255 motion and was thus, untimely.[2]

## II. DISCUSSION

The AEDPA established a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f); Davenport v. United States, 217 F.3d 1341, 1343 (11th Cir. 2000). When a petitioner files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they "relate back" to the original motion under Federal Rule of Civil Procedure 15(c). Davenport, 217 F.3d at 1344. A claim "relates back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

---

[2]Thus, the district court's rulings on Espinosa's other ineffective assistance claims are not before us.

The United States Supreme Court has cautioned that the "conduct, transaction, or occurrence" language of Rule 15(c) should not be defined "at too high a level of generality," because doing so would defeat Congress's intent to impose a strict time limit on claims for post-conviction relief. Mayle v. Felix, 545 U.S. 644, 661-62, 125 S. Ct. 2562, 2573-74 (2005) (quotation marks omitted). Thus, an amended pleading relates back to an original pleading only if both pleadings "state claims that are tied to a common core of operative facts." Id. at 664, 125 S. Ct. at 2574. Similarly, this Court has held that "the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." Davenport, 217 F.3d at 1344 (quotation marks omitted). "[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." Dean v. United States, 278 F.3d 1218, 1221 (11th Cir. 2002).[3]

Here, the district court did not abuse its discretion in finding that the pretrial ineffective assistance claims raised in Espinosa's supplemental memorandum did

[3]In the § 2255 context, we review the district court's legal conclusions de novo and its findings of fact for clear error. Mamone v. United States, 559 F.3d 1209, 1210 (11th Cir. 2009). We review a district court's application of Rule 15(c) for abuse of discretion. Davenport, 217 F.3d at 1343 n.4.

not relate back to his original § 2255 motion filed on February 14, 2003.[4]

Espinosa's § 2255 motion alleged that his trial counsel made an improper opening statement, failed to object to Rule 404(b) evidence, conducted unnecessary, improper and ineffective cross-examinations and failed to object to the presentence investigation report. In other words, the conduct, transaction or occurrences set out in the original § 2255 motion related to trial counsel's performance during specific moments of the trial and at sentencing. With the exception of his counsel's failure to advise him of his right to testify at trial, the § 2255 motion made no mention of any pretrial conduct. Indeed, Espinosa's counseled § 2255 motion's contention that his counsel was unprepared was made only in the context of claims that his trial counsel's performance at trial and sentencing was deficient. Thus, the newly raised pretrial ineffective assistance claims are not "tied to a common core of operative facts" with the trial and sentencing ineffective assistance claims and do not relate back under Rule 15(c). See Mayle, 545 U.S. at 664, 125 S. Ct. at 2574. And, his supplemental memorandum does not merely provide specifics to a claim previously made in Espinosa's original § 2255 motion, but raises new claims.

Accordingly, the district court did not abuse its discretion in ruling that the

---

[4]Although Espinosa argues that the government waived any argument with respect to the timeliness of his pretrial ineffective assistance claims by not objecting at the evidentiary hearing, this argument is outside the scope of the COA, and, therefore, we do not consider it. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

new claims in the supplemental memorandum did not relate back to the original

§ 2255 motion under Rule 15(c)(1)(B).

**AFFIRMED.**