[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15255
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-08007-CV-2-RDP-PWG,
05-00398-CR-2-R

ERIC MABRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 15, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Eric Mabry, a federal prisoner proceeding *pro se*, appeals the dismissal of

his 28 U.S.C. § 2255 motion to vacate his sentence. We granted a certificate of appealability ("COA") on the following issue: "Whether the district court erred in finding that appellant's new claims, raised in his reply brief, were time-barred because they did not relate back to the original § 2255 motion."

After the government responded to Mabry's original § 2255 motion and after § 2255(f)'s one-year time limit had expired, Mabry raised several new claims. On appeal, Mabry argues that his new claims relate back to his original § 2255 motion because his new claims and original claims all have in common the interpretation of his plea agreement.[1]

In Part I, we discuss the applicable law. In Part II, we discuss each of Mabry's claims. We affirm as to four of these claims. We vacate and remand as to one.

## I.

We review *de novo* a district court's conclusion that a § 2255 motion is time-barred. *Jones v. United States*, 304 F.3d 1035, 1037 (11th Cir. 2002) (per curiam) (citation omitted). "Rule 15 of the Federal Rules of Civil Procedure applies to civil actions brought under 28 U.S.C. § 2255. Application of Rule 15(c)

---

[1]Mabry attempts to raise additional issues outside the scope of the COA that we do not address. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) ("[W]e will not decide any issue not specified in the COA . . . .").

is reviewed for abuse of discretion." *Davenport v. United States*, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000) (citation and quotation marks omitted).

There is a one-year statute of limitations on § 2255 motions. 28 U.S.C. § 2255(f). If a prisoner amends his § 2255 motion after the statute of limitations expires, the new claims are untimely unless they relate back under Rule 15(c) to one of the claims in the original motion. *Davenport*, 217 F.3d at 1344. "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Id.* A pleading relates back to the original pleading when the pleading asserts a claim "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(b).

For a claim to relate back in a § 2255 proceeding, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport*, 217 F.3d at 1344. "Instead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Id.* (quotation marks and citations omitted). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*,

545 U.S. 644, 664, 125 S. Ct. 2562, 2574 (2005). An amendment that serves to expand facts or cure deficiencies in an original claim relates back to the original claim. *Dean v. United States*, 278 F.3d 1218, 1223 (11th Cir. 2002) (per curiam).

**II.**

We discuss each of Mabry's claims in turn.

*1.* *The government breached the plea agreement at sentencing.*

Mabry now claims that the government breached the plea agreement at sentencing by failing to recommend (1) a three-level reduction for acceptance of responsibility and (2) a sentence at the low end of the advisory range. The closest claim in the original motion to which these two new claims can relate back is Mabry's claim that the government breached the plea agreement by failing to adequately inform the district court of the details of his substantial assistance in a § 5K1.1 motion.

Mabry's new claims focus on the government's actions during the sentencing hearing. His original claim, however, focused on the government's § 5K1.1 motion. Mabry's new claims do not relate back to the original claim because the new claims involve entirely different alleged breaches. *Mayle*, 545 U.S. at 664, 125 S. Ct. at 2574 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be

4

in order."). Thus, the district court did not abuse its discretion as to these claims.

2. *Counsel rendered ineffective assistance by not seeking a sentencing cap in the plea agreement.*

The core operative facts of this claim are counsel's plea negotiations with the government and the drafting of the plea agreement. But none of Mabry's original claims have core facts in common with the sentencing-cap claim because all of the original claims revolve around counsel's performance during or after the sentencing and not during the plea negotiations. Thus, the district court did not abuse its discretion by finding that Mabry's sentencing-cap claim does not relate back to the original § 2255 motion.

3. *Counsel rendered ineffective assistance by failing to alert the court that the government was required to recommend a sentence at the low end of the advisory guideline range.*

The closest claim in Mabry's original § 2255 motion was that his counsel rendered ineffective assistance by failing to bring to the district court's attention that the government did not explain fully the details of Mabry's substantial assistance. The original claim could be described as counsel being ineffective for failing to bring to the court's attention that the government was not fulfilling its obligations under the plea agreement. Or it could be described as a claim surrounding a specific obligation in the plea agreement. Regardless, the construction of the claims does not affect our analysis. Even under the broad

5

construction, the claims do not have core facts that coincide. Accordingly, the district court did not abuse its discretion by finding that the new claim does not relate back.

4. *Counsel rendered ineffective assistance by failing to assist the sentencing court in arriving at the correct guideline level before a potential departure and misstating to the court that he had sold cocaine to a government informant.*

The closest claim in Mabry's original § 2255 motion was that his counsel was ineffective for failing to bring to the district court's attention that the government did not explain fully the details of Mabry's substantial assistance. Although both claims involve counsel's performance at sentencing, they involve very different aspects of counsel's performance. Since the original and new claims have different core facts, the district court did not abuse its discretion by finding that the new claim does not relate back.

5. *Counsel rendered ineffective assistance by telling Mabry that he had waived all of his rights to an appeal, even though Mabry's sentence appeal waiver allowed him to appeal the overruling of the objection to the use of the prior conviction to enhance Mabry's sentence.*

The closest claim in the original motion was that counsel was ineffective by allowing Mabry to forego his appellate rights without proper investigation, review, and consultation. Although Mabry does not mention that specific claim in this appeal, he asserts that the reply memorandum that he filed in the district court

6

illustrated the extent of his counsel's ineffective assistance.

The government concedes that the new claim has a connection to the original claim. It argues, however, that we implicitly determined that Mabry's new claim lacked merit. The government notes that, in granting the COA, we determined that Mabry failed to show that his counsel rendered ineffective assistance by allowing him to waive his right to appeal because the plea agreement reserved Mabry's right to appeal on certain issues.

We must, however, construe liberally a *pro se* petitioner's pleadings. *Gomez-Diaz v. United States,* 433 F.3d 788, 791 (11th Cir. 2005) (citation omitted). In *Dean*, we found that a habeas petitioner's claim that "serve[d] to expand facts or cure deficiencies in the original claims" was "not [an] entirely new claim[]." 278 F.3d at 1223. By reversing the district court's finding in *Dean* that the claim did not relate back to the original petition, we found that the district court abused its discretion by finding that the claim does not relate back when it clarifies an original claim. *See id.*

Construed liberally, Mabry's new claim clarifies that he was addressing counsel's error in advising him that he could not appeal the sentence, even though he specifically reserved the right to appeal the use of his prior convictions to enhance his sentence. In light of *Dean*, the district court abused its discretion by

finding that Mabry's new claim does not relate back to his original § 2255 motion.

**CONCLUSION**

Mabry's claim that counsel rendered ineffective assistance by incorrectly advising Mabry that he could not appeal his sentence relates back to his original § 2255 motion. Thus, the district court abused its discretion by finding that claim untimely. The court properly determined, however, that Mabry's other four claims did not relate back to his original § 2255 motion. Accordingly, we affirm in part and vacate and remand in part with instructions for the district court to consider the one claim that relates back to the original § 2255 motion.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART WITH INSTRUCTIONS.**