[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14596
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-80722-CV-KAM

WAYNE E. WILLIAMS, II,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 10, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Wayne E. Williams, II, a Florida state prisoner serving a 15-year sentence for robbery, appeals from the district court's order denying his *pro se* habeas petition under 28 U.S.C. § 2254. Williams argues that, but for appellate counsel's deficient performance on direct appeal, he would not have procedurally defaulted the following claim for relief—that the state trial court erred in denying his motion for a judgment of acquittal, as the evidence of his guilt was so weak that his conviction offended due process. Williams contends that the district court erred by failing to consider whether appellate counsel's deficient performance constituted cause that would excuse his procedural default of this claim, and also erred by failing to consider this ineffective-assistance claim as an independent ground for relief. Williams further argues that both trial and appellate counsel performed deficiently by failing to argue that the jury instructions were erroneous, as they included an improper instruction regarding the use of force by an aggressor. He asserts that the court erred by failing to consider whether he was entitled to relief on this basis. In addition, Williams argues the underlying merits of his contention that the state trial court erred in denying his motion for a judgment of acquittal.

The state responds that we should affirm because Williams's entire § 2254 petition was time-barred under the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1).

2

For the reasons set forth below, we vacate and remand.

## I.

Williams filed a *pro se* habeas petition under 28 U.S.C. § 2254 arguing, among other things, that the state trial court erred in denying his motion for a judgment of acquittal ("ground 1"). Specifically, Williams argued that the state failed to present competent and substantial evidence of his guilt, and that his conviction thus was obtained in violation of his Fifth, Sixth, and Fourteenth Amendment rights to a fair jury trial. As a separate ground for relief, Williams asserted that he had received ineffective assistance of appellate counsel, as appellate counsel had failed, on direct appeal, to raise arguments concerning fundamental errors in the trial proceedings ("ground 2"). In addition, Williams asserted, appellate counsel had failed to adequately argue the one issue that was raised on direct appeal. Williams did not specify the fundamental errors that appellate counsel had failed to raise, and did not explain how appellate counsel failed to properly argue the sole issue raised on direct appeal.

The state responded to Williams's petition, arguing that the petition, as a whole, should be dismissed as untimely under 28 U.S.C. § 2244(d)(1). The state further argued that, even if the court did not dismiss Williams's § 2254 petition as time-barred, his claims for relief lacked merit. Addressing Williams's first ground

3

for relief, the state asserted that, while Williams had raised the issue of sufficiency of the evidence on direct appeal, he had couched this argument in terms of state law, not federal law. As a result, the state contended, Williams failed to exhaust this constitutional claim by raising it on direct appeal, and the court should dismiss this claim as procedurally barred. Turning to Williams's second ground for relief—that appellate counsel was ineffective—the state contended that this conclusory allegation demonstrated no basis for habeas relief.

Williams filed a reply to the state's response to his § 2254 petition. In his reply, Williams argued that appellate counsel was ineffective for failing to argue, on direct appeal, that the jury instructions were erroneous because they included an improper instruction regarding the use of force by an aggressor. In addition, Williams reiterated his argument that appellate counsel ineffectively argued the sole issue raised in his direct appeal. Citing to the Fifth, Sixth, and Fourteenth Amendments, Williams indicated that appellate counsel should have argued that the evidence of his guilt was so weak that his conviction was obtained in violation of the Due Process Clause. Williams indicated that appellate counsel's deficient performance in this regard constituted cause that excused his procedural default of ground 1, his constitutional sufficiency-of-the-evidence claim.

The magistrate judge entered a report and recommendation, recommending

4

that the district court deny Williams's § 2254 petition. The magistrate first found that Williams's § 2254 petition was timely. Addressing the merits of Williams's claims, the magistrate found that, as to ground 1, while Williams had raised the issue of sufficiency of the evidence in his direct appeal, he failed to couch this issue in terms of federal law, or in terms of any specific constitutional guarantee. As a result, the magistrate concluded that Williams failed to exhaust this claim and, as he could not return to state court to exhaust this claim, it was procedurally defaulted. The magistrate further determined that Williams had not alleged or established cause to excuse his procedural default of this claim. Addressing ground 2, the magistrate found that Williams's assertion that he received ineffective assistance of appellate counsel lacked merit, because he did not specify the fundamental errors that counsel had failed to raise on direct appeal.

Williams filed objections to the magistrate's report and recommendation. In his objections, Williams argued that, even if he procedurally defaulted his constitutional sufficiency-of-the-evidence argument, he could establish cause for the procedural default because he received ineffective assistance of appellate counsel. Williams also objected that appellate counsel performed ineffectively by failing to properly argue that Williams's conviction was not supported by sufficient evidence. Williams further argued that appellate counsel was ineffective for failing

5

to properly raise any federal issues on direct appeal. In addition, Williams reasserted his argument that appellate counsel performed deficiently by failing to argue that the jury instructions included an improper instruction regarding the use of force by an aggressor.

The district court, without discussion, overruled Williams's objections, "ratified and affirmed" the magistrate's report and recommendation "in its entirety," and denied Williams's § 2254 petition. We granted a certificate of appealability ("COA") as to the following issue:

> Whether the district court erred when it failed to consider Williams's ineffective-assistance-of-counsel argument, raised in his reply to the government's response, alleging that counsel was ineffective for failing to object to the jury instructions and failing to properly argue the single claim, challenging the state court's denial of his motion for a judgment of acquittal, raised on direct appeal.

## II.

"Appellate review is limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). Because the issue of whether Williams's § 2254 petition is timely under § 2244(d)(1) is not specified in the COA, we do not consider this non-jurisdictional issue. *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.3 & n.4 (11th Cir.), *cert. denied*, 129 S.Ct. 2747 (2009) (noting that we would not consider the underlying merits of whether the prisoner's § 2254 petition was time-barred because this issue was not specified in the COA); *Steed v.*

6

*Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (noting that § 2244's one-year limitations period is "not a jurisdictional bar").

**III.**

We construe the issues specified in the COA in light of the parties' pleadings and the record. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). We note that Williams raised the following arguments for the first time in his reply to the state's response: (1) that appellate counsel performed ineffectively by failing to argue, on direct appeal, that the jury instructions contained an improper instruction regarding the use of force by an aggressor; and (2) that appellate counsel's ineffectiveness in arguing the sufficiency-of-the-evidence argument raised on direct appeal constituted an independent ground for relief under § 2254, and also constituted cause and prejudice for his procedural default of ground 1.

Accordingly, we read the terms of the COA, construed in light of the parties' pleadings, to specify the following issues for appellate review—whether the district court erred by failing to consider: (1) whether appellate counsel was ineffective for failing to argue, on direct appeal, that the jury instructions were erroneous because they included an improper instruction regarding the use of force by an aggressor; (2) whether appellate counsel was ineffective for failing to properly argue, on direct appeal, that the trial court's error in denying Williams's

7

motion for a judgment of acquittal offended due process, and thus was an issue involving federal law; and (3) whether appellate counsel's ineffectiveness in this regard constituted cause and prejudice that would excuse Williams's procedural default of his federal sufficiency-of-the-evidence claim.

Because the COA specified only the above issues for appellate review, we do not address Williams's contention that trial counsel was ineffective for failing to object to the jury instructions, or his argument concerning the merits of his motion for a judgment of acquittal. *See Murray*, 145 F.3d at 1251.

## IV.

We review the district court's treatment of the magistrate judge's report and recommendation for abuse of discretion. *Williams*, 557 F.3d at 1290. When reviewing a district court's denial of a habeas petition, we review factual findings for clear error, and legal conclusions *de novo*. *Id.* We liberally construe a *pro se* litigant's pleadings. *Sibley v. Culliver*, 377 F.3d 1196, 1200-01 (11th Cir. 2004).

The district court must resolve all claims for relief raised in a petition for habeas corpus, regardless of whether habeas relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992). *Clisby*'s holding was designed to avoid the "piecemeal" resolution of claims raised in a habeas petition, and thus achieve the desirable result of a more thorough review of habeas petitions by the district

court. *Id.*

The Federal Rules of Civil Procedure apply to habeas proceedings, to the extent that they are not inconsistent with the statutes that govern habeas proceedings. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). At the time that Williams filed his § 2254 petition, Fed.R.Civ.P. 15(a) provided, in relevant part, that, "A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed.R.Civ.P. 15(a)(1) (2005).[1] After a responsive pleading was filed, a party could amend its pleading only after obtaining the opposing party's written consent, or by obtaining the court's leave to amend. Fed.R.Civ.P. 15(a)(2) (2005). Where a prisoner alleges a constitutional claim in broad terms in his initial habeas petition, and specifies the facts supporting the claim in a subsequent pleading, the more detailed version of the claim in subsequent pleading "serves to expand facts or cure deficiencies in the original claims." *Dean v. United States*, 278 F.3d 1218, 1222-23 (11th Cir. 2002) (applying Fed.R.Civ.P. 15(c), which involves the relation back of an amendment to an initial pleading).

---

[1] Effective December 1, 2009, Rule 15(a) has been amended to provide that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." *See* Fed.R.Civ.P. 15(a); Fed.R.Civ.P. 15, Advisory Committee Notes.

Procedural default is an affirmative defense, and a state waives this defense if it does not allege it in a timely manner during § 2254 proceedings. *See Moon v. Head*, 285 F.3d 1301, 1315 n.17 (11th Cir. 2002) (noting that procedural default is an affirmative defense and, as a result, the state waived this defense by failing to raise it before the district court and on appeal). An ineffective-assistance-of-counsel claim, if it is itself both exhausted and not procedurally defaulted, may constitute cause that may excuse the procedural default of another constitutional claim for relief. *Hill v. Jones*, 81 F.3d 1015, 1029-31 (11th Cir. 1996).

Here, the magistrate and the district court were required to consider the following two independent claims for relief, which Williams detailed in his reply to the state's response: (1) whether appellate counsel performed deficiently by failing to argue that the jury instructions included an improper instruction regarding the use of force by an aggressor; and (2) whether appellate counsel performed deficiently by failing to raise the sufficiency-of-the-evidence argument in terms of federal law. *See Dean*, 278 F.3d at 1223-23; *Clisby*, 960 F.2d at 936. Because Williams argued, in his initial § 2254 petition, that he received ineffective assistance of appellate counsel, the state was on notice that Williams believed that appellate counsel had mishandled his direct appeal. The state asserted, in its response, that Williams's ineffective-assistance-of-appellate-counsel claim was too

vague to warrant relief, and Williams replied by asserting facts that served to clarify and expand this claim. *See Dean*, 278 F.3d at 1222-23. Accordingly, the details concerning Williams's ineffective-assistance-of-appellate-counsel claims, which he included in his reply to the state's response, were not an improper attempt to amend the § 2254 petition by adding new claims, and the court and the magistrate should have considered the two claims described above.

In addition, Williams's assertion that appellate counsel's deficient performance constituted cause that excused his procedural default of ground 1 also did not constitute an improper attempt to amend his § 2254 petition. Williams asserted, in his § 2254 petition, that the evidence of his guilt was so weak that his conviction violated his constitutional rights, and the state responded to this claim by asserting the affirmative defense of procedural default. Williams responded to this affirmative defense by asserting that appellate counsel's failure to argue that Williams's conviction violated his constitutional rights constituted cause that would excuse his procedural default of ground 1. In this context, Williams's ineffective-assistance claim did not constitute an improper attempt to amend his § 2254 petition, and the magistrate and the district court should have addressed this argument. *See* Fed.R.Civ.P. 15(a)(1)-(2); *cf. Williams*, 557 F.3d at 1289-90, 1292 (holding that the district court possessed discretion to decline to review the § 2254

11

petitioner's arguments responding to the state's assertion that his petition was untimely, because the § 2254 petitioner raised these arguments for the first time in his objections to the magistrate judge's report and recommendation, and failed to assert these arguments in a reply to the state's response, despite the fact that he was ordered to raise these arguments in a reply).

For the foregoing reasons, we conclude that the court erred by failing to consider the ineffective-assistance-of-appellate-counsel claims that Williams detailed in his reply to the state's response. *See Dean*, 278 F.3d at 1223-23; *Clisby*, 960 F.2d at 936. Moreover, in this case, the court's failure to acknowledge that Williams alleged cause to excuse his procedural default of ground 1 resulted in the court's failure to thoroughly consider the constitutional claim that Williams alleged in ground 1 of his § 2254 petition. *See Clisby*, 960 F.2d at 936. Accordingly, we vacate and remand so that the district court may consider the following issues: (1) whether appellate counsel performed deficiently by failing to argue that the jury instructions included an improper instruction regarding the use of force by an aggressor; (2) whether appellate counsel performed deficiently by failing to argue that the state's evidence of Williams's guilt was so weak that his conviction offended due process; and (3) whether Williams's claim that he received ineffective assistance of appellate counsel constituted cause that would

excuse his failure to argue, on direct appeal, that his constitutional rights were violated because the evidence was insufficient to support his conviction.

**VACATED AND REMANDED.**