[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10807
Non-Argument Calendar

_____

D.C. Docket Nos. 6:11-cv-01533-JA-DAB,
6:10-cr-00037-JA-DAB-1

WILLIAM CICCOTTO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

In April 2010, William Ciccotto pleaded guilty to an information charging

him with enticing children for the purpose of producing child pornography, in

violation of 18 U.S.C. § 2251(a).[1]  On the basis of that plea, the District Court sentenced him to thirty years' imprisonment, the maximum sentence provided by 18 U.S.C. § 2251(e).  Ciccotto did not appeal, and his conviction therefore became final on October 7, 2010.  Ciccotto accordingly had until October 7, 2011—one year after his conviction became final—to move the District Court for relief from his sentence under 28 U.S.C. § 2255.  *See Medros v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

On September 12, 2011, Ciccotto, proceeding *pro se*, moved the District Court pursuant to § 2255 to vacate his sentence on four separate grounds.[2]  In the first, he noted that he "was never given direct access" to his attorney and that the jailhouse meetings he had with that attorney "seemed scripted" and made Ciccotto uncomfortable.  Ciccotto noted that he was only able to voice concerns to his counsel in the days leading up to his sentencing hearing, and even then, he had to

---

[1] Ciccotto had previously faced an indictment charging him with three counts of enticing children for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a) (Count One); distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1) (Count Two); and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count Three).  He pleaded guilty to the information pursuant to a plea agreement in which the Government agreed to dismiss the indictment and to refrain from prosecuting him for other crimes related to the charged criminal conduct.

[2] Ciccotto appears to have filed this motion using an old version of AO 243, a form for 28 U.S.C. § 2255 motions currently available on uscourts.gov.  *See* Administrative Office of the U.S. Courts, AO 243: Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (rev. Jan. 2015), *available at* http://www.uscourts.gov/FormsAndFees/Forms/AO243.pdf.  The form Ciccotto used directed him to provide "[s]upporting facts" and to refrain from "argu[ing] or cit[ing] law."  The most current form bears the same admonition: "Do not argue or cite law.  Just state the specific facts that support your claim."  *See, e.g.*, AO 243, at 5.

2

do so through a third party.  In ground two, Ciccotto stated that his sentence "was much too harsh with no chance of rehabilitation or restitution" given that Ciccotto had no prior arrests, had fully cooperated with law enforcement, and had possessed "doctors [sic] evaluations in my favor."  In ground three, Ciccotto stated that his attorney repeatedly told him that a plea bargain "would be my best chance at a more lenient sentence" because any trial would invite a media circus and that "going to trial would be the same as child abuse."  Finally, in ground four, Ciccotto protested the Government's challenge to the qualifications of the doctor whose evaluation Ciccotto relied upon during sentencing.

On February 16, 2012, Ciccotto, through counsel, amended his motion. Ciccotto moved to strike "Grounds One, Three, Four and Two [of the September 12, 2011, motion] in their entirety."  In their stead, he presented eleven claims,[3] nine based upon the Sixth Amendment right to the effective assistance of counsel and two based upon the Due Process Clause of the Fifth Amendment.  Of particular import here are claims 1, 10, and 11.  Claim 1 asserted that trial counsel was ineffective because he "fail[ed] to request a competency evaluation."  Claim 10 argued that the trial court erred by not ordering a competency evaluation. Finally, claim 11 asserted that the trial court additionally erred "by not fully

---

[3] Ciccotto's amended motion organized his claims into two groups based upon the relevant constitutional right.  The District Court further subdivided these groups and ultimately identified eleven separate claims.  Although we modified the District Court's numbering in our Certificate of Appealability ("COA"), the COA's claims 1, 10, and 11—the only claims relevant to this appeal—are substantively identical to the District Court's claims 1, 10, and 11.

considering [Ciccotto's] mental health, background, ability to benefit from therapy, comparable sentences, and [Ciccotto's] family support during the sentencing hearing."

The amended motion was untimely.  In accordance with Federal Rule of Civil Procedure 15(c)(1)(B), the District Court declined to consider the merits of claims 1, 10, and 11 of the amended motion after concluding that they did not relate back to the claims asserted in Ciccotto's September 12, 2011, motion.[4]  In declining to consider these claims, the District Court noted that Ciccotto's original motion "neither "raise[d] his competency as an issue . . . , nor . . .assert[ed] that the trial court erred by failing to order a competency evaluation or by failing to consider mental health evidence during the sentencing proceedings."  The District Court additionally declined to consider claims 3 through 9 on the basis of Ciccotto's valid appeal waiver.  Finally, the District Court denied claim 2 on the merits.  In addition to denying Ciccotto's motion in its entirety, the District Court also denied Ciccotto a COA.

Ciccotto appealed, and we granted a COA with respect to the District Court's conclusion that claims 1, 10, and 11 should not be considered because they

---

[4] The District Court also found that claims 10 and 11 would be procedurally barred even if they did relate back to the original motion.  This is because Ciccotto did not advance those claims on direct appeal of his conviction and could demonstrate neither cause and prejudice for his failure to raise those claims on direct appeal, nor that a constitutional violation resulted in Ciccotto's conviction despite his actual innocence.  *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

did not relate back to Ciccotto's original, timely motion. Specifically, we granted a COA to determine:

> Whether the 'relation back' doctrine applies to Mr. Ciccotto's claims in his amended § 2255 motion that (1) trial counsel was constitutionally ineffective for failing to demand a competency evaluation; (2) the trial court violated his Fifth Amendment rights by failing to order a competency evaluation; and (3) the trial court violated his Fifth Amendment rights by failing to consider the [28 U.S.C.] § 3553(a) factors and the flaws in the Sentencing Guidelines.[5]

We review applications of Federal Rule of Civil Procedure 15(c) to § 2255 motions for abuse of discretion. *Davenport v. United States*, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000). A district court abuses it discretion when its decision rests on an erroneous application of the law or is based on facts that are clearly erroneous. *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1075 (11th Cir. 2014).

Under the Federal Rules of Civil Procedure, an amended pleading relates back to the timing of an earlier pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In

---

[5] To avoid any confusion, we stress that the COA concerns a factual question: whether claims 1, 10, and 11 "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(B). The COA *does not* ask whether claims 1, 10, and 11 are cognizable *regardless* of whether they arose out of the original pleading, i.e., whether they relate back. Our justification for granting the COA makes this manifest:

> Because reasonable jurists could disagree about whether Claims 1, 10, and 11 in the amended § 2255 motion (1) state valid claims of the denial of a constitutional right; and (2) relate back to the original *pro se* § 2255 motion, Mr. Ciccotto is hereby granted a COA . . . .

5

the habeas context, it is not enough for the later pleading to concern the same legal proceeding as the original motion. *Mayle v. Felix*, 545 U.S. 644, 662-64, 125 S.Ct. 2562, 2573-74, 162 L. Ed. 2d 582 (2005). Rather, to relate back, the original and amended pleadings must "state claims that are tied to a common core of operative facts." *Id.* at 664, 125 S.Ct. at 2574. "When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it." *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002). That is, one may amend a claim to "fill in facts missing from the original claim." *Id.* at 1222.

We agree that claims 1 and 10—the competency-related claims in Ciccotto's amended motion—do not relate back to Ciccotto's initial motion. Nowhere in any of the four grounds is there any suggestion that Ciccotto was actually incompetent to stand trial or sufficiently close to incompetence such that an evaluation would be necessary. Here, there was no clear error.

We do not agree, however, that claim 11 does not relate back to the original motion. In "ground two" of the original motion, Ciccotto wrote that

> [i]t is also my opinion that in my case, no prior arrests, full cooperation with law enforcement and doctors [sic] evaluations in my favor that this sentence was much to [sic] harsh with no chance of rehabilitation or restitution give to me.

In claim 11 of the amended motion, Ciccotto argued that "[t]he court erred at sentencing in not fully considering petitioner's background, mental health, ability

6

to benefit from therapy, comparable sentences, family support in what was essentially a summary sentence hearing." Like the original claim, claim 11 asserts that Ciccotto's sentence was unduly harsh given the existence of various mitigating circumstances; that is, "the nature of the amended claim supports specifically the original claim."[6] *Dean*, 278 F.3d at 1222. That Ciccotto provided additional factual support in claim 11 to buttress his argument is of no moment. *See id.* at 1222. The District Court's conclusion that claim 11 of the amended motion did not relate back to the original motion was clearly erroneous. Accordingly, we affirm in part, reverse in part, and remand this case to the District Court to determine whether Ciccotto's claim 11 is otherwise procedurally barred,[7] and if it is not, to evaluate claim 11's merits.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

[6] It is true that Ciccotto only cited to the Due Process Clause in his amended motion. We decline to fault him, however, for failing to specify a legal rationale for why his "sentence was much to [sic] harsh" when the form the Administrative Office provided to him forbid as much. *See supra*, note 2. The form envisions that judges will divine claims arising from factual recitations. It does not seem unreasonable to us that a sentence might be too harsh if Ciccotto's due process rights were violated during a sentencing hearing.

[7] We are limited to discussing those issues raised in the COA, and, having found that claims 1 and 10 do not relate back to the original motion while claim 11 does relate back to that motion, our task is complete. We do, however, note that the District Court found that, even if claim 11 *did* relate back to the original motion, it would be procedurally barred. This alternative holding may be of some significance on remand.

7