[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 19-10516
Non-Argument Calendar
————————————————

D.C. Docket Nos. 1:18-cv-04463-TWT,
1:10-cr-00025-TWT-LTW-1

RANDY WILCHER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
————————————————

(April 8, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Randy Wilcher, a federal prisoner serving a 188-month sentence enhanced

by the Armed Career Criminal Act ("ACCA"), appeals the district court's

dismissal, as successive and untimely, of his motion to amend his 28 U.S.C. § 2255 motion.  In Wilcher's original § 2255 motion, he argued that (1) he did not qualify for the ACCA enhancement because a jury did not find beyond a reasonable doubt that his prior convictions constituted serious drug offenses; and (2) his 1988 conviction was for simple possession, and therefore, counsel was ineffective for failing to properly challenge the district court's use of that conviction for the ACCA enhancement.  Subsequently, Wilcher sought to amend his § 2255 motion to add a claim that his ACCA-enhanced sentence was no longer valid because the state court had recently clarified that the 1988 conviction on which his ACCA sentence was based was for simple possession rather than possession with intent to distribute.  On appeal, Wilcher argues that his motion to amend is not successive because the state court's clarification of his 1988 conviction did not occur until after he filed his initial § 2255 motion.  He also argues that his motion to amend is not untimely because he diligently challenged his 1988 conviction and his claim relates back to the claims in his original § 2255 motion.[1]

We review de novo a district court's dismissal of a § 2255 motion as successive.  *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014).  We also

_____

[1] Wilcher raised a second issue in the motion to amend—that his counsel was ineffective for failing to seek clarification of the 1988 conviction sooner.  On appeal, however, he only addresses the claim that his ACCA sentence is invalid.  Therefore, he has abandoned any argument that the district court erred in dismissing his motion to amend as to the ineffective-assistance-of-counsel claim.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

review de novo the dismissal of a § 2255 motion as untimely.  *Id.*  We review the application of Federal Rule of Civil Procedure 15(c) to § 2255 motions for an abuse of discretion.  *Davenport v. United States*, 217 F.3d 1341, 1343 n.4 (11th Cir.2000).  A district court abuses its discretion when it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment."  *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Only one § 2255 motion is authorized, and we must certify a second or successive motion before the district court can reach the merits of the motion.  *Boyd*, 754 F.3d at 1301; 28 U.S.C. § 2244(b) (providing procedures for bringing a successive habeas corpus petition); 28 U.S.C. § 2255(h) (incorporating the procedures of § 2244(b) into the procedures for successive § 2255 motions).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time."  *Stewart*

*v. United States*, 646 F.3d 856, 859 (11th Cir. 2011).  "[W]hen a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'"  *Id.* at 860.  For example, in *Panetti v. Quarterman*, the Supreme Court created an exception to § 2244(b) for a second habeas petition raising a claim that would have been unripe had the prisoner presented it in his first petition or motion.  551 U.S. 930, 945 (2007) (concluding that the AEDPA's limitation on second or successive petitions did not govern habeas petitions raising a claim of incompetency under *Ford*[2] filed as soon as that claim was ripe).  In *Stewart*, we applied *Panetti* and held that a prisoner's second § 2255 motion was not successive because the factual basis for his claim— the vacatur of the state convictions used to enhance his federal sentence—did not exist before the proceedings on his first § 2255 motion had concluded.  646 F.3d at 864–65.

The AEDPA also imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following the latest of four possible dates: (1) "the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed . . . ; (3) the

---

[2] In *Ford v. Wainwright*, 477 U.S. 399, 409–10 (1986), the Supreme Court held that the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane.

date on which the right asserted was initially recognized by the Supreme Court . . . ; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Rule 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days after serving it or after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend a pleading "only with the opposing party's written consent or the court's leave." *Id.* Rule 15(c) allows an amended pleading to relate back to the date of the original pleading if, in relevant part, it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, if an otherwise untimely § 2255 claim "relates back" to a timely § 2255 claim, it will be treated as filed when the timely § 2255 claim was filed. *Davenport*, 217 F.3d at 1344. In the habeas context, it is not enough for the later pleading to concern the same legal proceeding as the original motion. *Mayle v. Felix*, 545 U.S. 644, 662–64 (2005). Rather, to relate back, the original and amended pleadings must "state claims that are tied to a common core of operative facts." *Id.* at 664.

In *Davenport*, we determined that a movant's new claims in his amended § 2255 motion did not relate back to the date of his timely filed § 2255 motion.

217 F.3d at 1346. In his original § 2255 motion, the movant argued that his counsel was ineffective for not objecting that the drugs he had in his possession were not crack cocaine because they lacked sodium bicarbonate, not objecting to the drug weight as improperly including certain moisture content, and not asserting that the government allowed its witness to perjure itself. *Id.* In his amended motion, he argued that counsel was ineffective for allowing him to be sentenced based on three grams of cocaine that were not part of the same course of conduct as another drug transaction, relying on a summary lab report instead of a complete lab report, and failing to advise him about a plea agreement. *Id.* We concluded that the movant's new claims did not "arise out of the same set of facts as his original claims, but arose from separate conduct and occurrences in both time and type." *Id.* Accordingly, we held that the district court correctly determined that the claims in the movant's amended motion were time-barred under the AEDPA. *Id.*

In *Dean v. United States*, we concluded that three of the claims in the movant's amended § 2255 motion related back to his initial, timely motion, while one of the claims did not. 278 F.3d 1218, 1223 (11th Cir. 2002) (per curiam). We determined that the movant's first amended claim, that the government knowingly presented perjured testimony of three named witnesses, related back to the claim in his original motion that his conviction was obtained by use of perjured testimony.

6

*Id.* at 1222. We determined that the amended claim was timely because it arose out of the same conduct or occurrence set forth in the original pleading—perjured testimony at trial—and sought to add facts and specificity—the names of the exact witnesses—to the original claim. *Id.* Similarly, we determined that his fifth amended claim, that the court failed to make individual findings as to the amount of crack cocaine with which he was involved, pursuant to U.S.S.G. § 1B1.3(a)(1), related back to his original claim of the "incorrect use" of §§ 1B1 and 3B1. *Id.* Though the district court found that this claim was "entirely new" because the original ground could have referred to any of the ten subsections of § 1B1, we determined, instead, that the amended claim was a more carefully drafted version of the original claim. *Id.*

Conversely, we determined that the movant's fourth amended claim, that his base offense level under U.S.S.G. § 2D1.1 was calculated erroneously, did not relate back to his original claim because he did not make such an argument at all in his original motion. *Id.* at 1222–23. Finally, we determined that the sixth amended claim, that the district court erred in allowing evidence of uncharged misconduct, related back to the movant's original claim that the district court failed by allowing the government to enter inadmissible evidence at trial, because it "gave notice that [the movant] believed that there was inadmissible evidence used against him at trial." *Id.* at 1223. Accordingly, we determined that the first, fifth,

7

and sixth amended claims met the intent of Rule 15(c) because they were "not entirely new claims" and "[e]ach of them serve[d] to expand facts or cure deficiencies in the original claims." *Id.*

Here, the district court erred when it determined that Wilcher's clarification-based claim did not relate back to the claims in his original section 2255 motion and, therefore, was untimely, as the claims all arose from a common core of operative facts. *See Merle*, 545 U.S. at 664. Accordingly we vacate and remand.

**VACATED AND REMANDED.**