[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11419
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60218-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEDRIC JAMEIL CHIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 9, 2015)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tedric Chin appeals his convictions and sentences for sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2).  On appeal, Chin argues that his Sixth Amendment right to confront witnesses against him was violated when the district court, under Federal Rule of Evidence 412,  limited Chin's cross-examination of victim-witness K.B. to exclude evidence that K.B. engaged previously in prostitution.[1]  No reversible error has been shown; we affirm.

Chin was charged with sex trafficking of two underage girls, K.B. and S.M.  Briefly stated, Chin's theory of the defense was that he was "merely present" during K.B. and S.M.'s prostitution activities and that K.B. was the person who was actually directing her own prostitution business.  In support of his theory, Chin sought, pursuant to Rule 412(b)(1)(C), to cross-examine K.B. about her past involvement in prostitution.

---

[1] Chin also makes the following arguments on appeal: (1) the district court erred in instructing the jury (a) that Chin did not have to know his acts affected interstate commerce and (b) that Chin could be found guilty if he recklessly disregarded that K.B. and S.M. were under 18 years old; (2) Chin's mandatory-minimum sentence was unconstitutional under Alleyne v. United States, 133 S.Ct. 2151 (2013), without a finding by the jury that Chin knew that S.M. was under 14 years old; and (3) Chin's below-guideline sentence was substantively unreasonable.  Having reviewed the pertinent law and the record, we conclude that these arguments are without merit and warrant no further discussion.  Thus, we focus our discussion only on the district court's exclusion of evidence under Fed.R.Evid. 412.

Following an *in camera* hearing (during which K.B. testified that she had, in fact, engaged in two instances of prostitution more than two years before she met Chin), the district court excluded evidence of K.B.'s prior acts of prostitution. The court concluded that the proposed evidence "simply indicates . . . a propensity or a willingness to engage in prostitution" and that the evidence was not pertinent to the charges against Chin.

We review for abuse of discretion a district court's application of Rule 412. United States v. Culver, 598 F.3d 740, 749 (11th Cir. 2010). But, "[w]hether the exclusion of evidence violated a constitutional guarantee is a legal question reviewed de novo." United States v. Sarras, 575 F.3d 1191, 1209 n.24 (11th Cir. 2009).

Rule 412 provides that, in a "criminal proceeding involving alleged sexual misconduct," the following evidence is inadmissible: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed.R.Evid. 412(a). The district court may, however, admit "evidence whose exclusion would violate the defendant's constitutional rights." Fed.R.Evid. 412(b)(1)(C). Rule 412(b)(1)(C) is "a narrow exception" to the "broad general principle" that evidence of a victim's prior sexual history is inadmissible. Culver, 598 F.3d at 749.

In determining whether evidence is admissible under Rule 412(b)(1)(C)'s "narrow exception," we start with the premise that a defendant has a right, under the Sixth Amendment, to confront witnesses against him. See id.; U.S. Const. amend. VI. "The main and essential purpose of confrontation is to secure for the defendant the opportunity of cross-examination." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1366 (11th Cir. 1994) (alteration omitted). Still, a "defendant's right to cross-examine witnesses is not without limitation." Id. "[T]he Sixth Amendment guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." United States v. Beale, 921 F.2d 1412, 1424 (11th Cir. 1991) (emphasis in original) (quotations omitted). We have said that "[c]ross-examination of a government 'star' witness is important, and a presumption favors free cross-examination on possible bias, motive, ability to perceive and remember, and general character for truthfulness, but cross-examination must be relevant." United States v. Phelps, 733 F.2d 1464, 1472 (11th Cir. 1984) (citations omitted).

"The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination." United States v. Taylor, 17 F.3d 333, 340 (11th Cir. 1994). "A defendant's cross-examination rights are

4

satisfied when the cross-examination permitted exposes the jury to facts sufficient to evaluate the credibility of the witness and enables defense counsel to establish a record from which he properly can argue why the witness is less than reliable." Baptista-Rodriguez, 17 F.3d at 1371. "[O]nce there is sufficient cross-examination to satisfy the Sixth Amendment's Confrontation Clause, further questioning is within the district court's discretion." Taylor, 17 F.3d at 340.

Chin has failed to demonstrate that his Sixth Amendment rights were violated when the district court excluded evidence about K.B.'s earlier acts of prostitution. First, Chin had ample opportunity to cross-examine K.B. and to impeach K.B.'s credibility effectively.[2] On cross-examination, K.B. admitted that she had lied to the police about several aspects of her involvement in the prostitution business. Chin's lawyer was also able to highlight inconsistencies in K.B.'s testimony, including whether K.B. had paid a homeless woman to rent a motel room for her because she was underage. The district court acknowledged the effectiveness of K.B.'s cross-examination, commenting that K.B.'s attitude changed from being "demur" on direct examination to "indicating a degree of casualness or indifference" on cross-examination, which the district court thought gave the jury a different and perhaps more "accurate view" of K.B.'s approach and willingness to participate in prostitution. Based on this record, sufficient evidence

---

[2] Contrary to Chin's assertions on appeal, K.B. never testified -- either directly or indirectly -- that she had not considered prostituting herself until after she met Chin.

existed to enable Chin's lawyer to argue properly that K.B. lacked credibility. And nothing evidences that the jury would have formed "a significantly different impression" about K.B.'s credibility had Chin been permitted to cross-examine K.B. about her past acts of prostitution. See Taylor, 17 F.3d at 340.

Moreover, evidence of K.B.'s earlier involvement in prostitution was not critical to Chin's "mere presence" defense. K.B.'s testimony demonstrated that K.B. was already knowledgeable about the prostitution business. For example, K.B. testified that prostitution was prevalent in her neighborhood and that it was her idea to start telling men that they had to pay for sex. K.B. began managing S.M.'s prostitution activities, which included coaching S.M. on "how to be a girlie girl," what to wear, and how to "keep [her]self up." K.B.'s testimony also demonstrated that, at times, she and S.M. found clients, set up prostitution "dates," and engaged in acts of prostitution without Chin's involvement or instruction. In the light of K.B.'s trial testimony, the district court's exclusion of evidence about K.B.'s prostitution history in no serious way hindered Chin's ability to argue that he was "merely present" for K.B. and S.M.'s prostitution activities.

Chin has failed to demonstrate a violation of his constitutional rights; the district court abused no discretion in excluding evidence of K.B.'s history of prostitution under Rule 412.

AFFIRMED.