[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13622
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-61774-KMW; 0:13-cr-60218-KMW-1

TEDRIC JAMEIL CHIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2021)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tedric Chin, a federal prisoner proceeding through his appellate lawyer, appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate.[1] No reversible error has been shown; we affirm.

I.    Background

In 2014, a jury found Chin guilty of two counts of sex-trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2).  The district court sentenced Chin to a total sentence of 218 months' imprisonment.  We affirmed Chin's convictions and sentences on direct appeal.  See United States v. Chin, 606 F. App'x 538 (11th Cir. 2015) (unpublished).  Chin filed a petition for writ of certiorari with the Supreme Court, which was denied on 13 October 2015.  See Chin v. United States, 136 S. Ct. 351 (2015).

On 21 July 2016, Chin filed pro se a section 2255 motion to vacate, set aside, or correct his sentence.  In this motion, Chin raised three claims for relief: (1) that his lawyer was ineffective for "failing to object to the fact that the

_____

[1] We construe liberally pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

government never fulfilled the preliminary steps to have [him] found to be a sex trafficker;" (2) that his lawyer was ineffective for failing to object in the district court, and to argue on direct appeal, about the duplicity or multiplicity of the indictment; and (3) cumulative error based on his lawyer's failure (a) to move to enlarge the defense, (b) to move for severance, (c) to move to suppress "evidence tainted by" entrapment, (d) to "object and preserve jury issues for appeal," (e) to "request Brady, and U.S. v. President Nixon, on [compulsory] process an[d] evidence," (f) to move for an acquittal, (g) to impeach witnesses, and (h) to move for mistrial.

On the same day, Chin also filed a memorandum in support of his section 2255 motion. The district court treated this document as part of the section 2255 motion.

The magistrate judge later granted Chin leave to amend his section 2255 motion. The magistrate judge cautioned Chin that claims raised in an amended motion must relate back to Chin's original timely-filed motion to avoid dismissal under the applicable one-year statute of limitations.

The operative amended section 2255 motion was filed on 12 April 2017: 18 months after Chin's convictions became final. In his amended motion, Chin raised 16 grounds for relief.

The magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Chin's amended section 2255 motion. First, the magistrate judge recommended that 14 of Chin's 16 claims be dismissed as time-barred: the 14 claims were neither raised in Chin's original timely-filed section 2255 motion nor related back to claims raised in the original motion. The magistrate judge then recommended that the two remaining claims be denied on the merits.

Chin filed objections to the R&R. The district court overruled those objections, adopted the R&R, and denied Chin's amended section 2255 motion.

A member of this Court later granted a certificate of appealability ("COA") on this issue:

> Whether the district court erred in dismissing as untimely Chin's claims of ineffective assistance of counsel in grounds 2, 6-8, 10, and 13-16 of his amended motion to vacate sentence, 28 U.S.C. § 2255, because they did not relate back to his timely, initial § 2255 motion, pursuant to Fed. R. Civ. P. 15(c).[2]

II.    Discussion

---

[2] On appeal, Chin concedes expressly that claims 2 and 7 were dismissed properly as time-barred. In his appellate brief, Chin also challenges the district court's dismissal of claim 4. Chin acknowledges, however, that his argument about claim 4 is outside the scope of the COA. As a result, we will not address that argument on appeal. See McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011) ("the scope of our review of an unsuccessful § 2255 motion is limited to issues enumerated in the COA.").

4

In reviewing the denial of a section 2255 motion, "we review legal conclusions de novo and findings of fact for clear error." Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc). We review for abuse of discretion the district court's ruling on whether an amended pleading relates back under Fed. R. Civ. P. 15(c); and we review for clear error the district court's factual findings needed to apply Rule 15. See Powers v. Graff, 148 F.3d 1223, 1226 (11th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period that runs ordinarily from the date on which a prisoner's conviction becomes final. See 28 U.S.C. § 2255(f)(1). Congress adopted this "tight time line" to further AEDPA's fundamental purpose: "to advance the finality of criminal convictions." See Mayle v. Felix, 545 U.S. 644, 662 (2005).

Chin's conviction became final when the Supreme Court denied certiorari on 13 October 2015. See Drury v. United States, 507 F.3d 1295, 1296 (11th Cir. 2007) (explaining that "a conviction becomes final the day the Supreme Court denies a petition for certiorari or issues a decision on the merits."). That Chin's initial section 2255 motion (filed in July 2016) was timely-filed is undisputed.

5

When -- as in this case -- a prisoner amends his section 2255 motion after the expiration of AEDPA's one-year limitation period, claims in the amended motion are time-barred, unless the claim "relates back" to a claim in the original, timely-filed motion. See Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (applying Fed. R. Civ. P. 15(c) to a section 2255 motion).

Under Rule 15(c), an amended pleading "relates back" to the original pleading if the amended claim "arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." See Fed. R. Civ. P. 15(c)(1)(B). We have said that the "critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." See Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993).

In the context of a petition for post-conviction relief, relation back under Rule 15(c) "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659. Habeas petitions are subject to a more demanding pleading standard than ordinary civil complaints; the Supreme Court has cautioned against applying Rule 15(c)'s "conduct, transaction, or occurrence" language at too high a level of generality. See id. at 661; 655-56 (noting that petitioners seeking post-conviction relief must "specify all the grounds for relief available" and "state the facts supporting each ground":

6

"[e]ach separate congeries of facts supporting the grounds for relief . . . would delineate an 'occurrence.'").

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.  That an amended claim arises from the same trial and conviction is not enough to satisfy the "relate back" standard.  Id.; Davenport, 217 F.3d at 1344.

"[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment."  Dean v. United States, 278 F.3d 1218, 1221 (11th Cir. 2002).  "When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim."  Id.  In some cases, the original claims can be so vague and indefinite to make it impossible to determine with reasonable certainty whether an "amended" claim does relate back or not.  In such instances, concluding the amendment is time-barred is no abuse of discretion.

The district court accurately set out the legal standards.  Our review focuses on whether an abuse of discretion occurred in the application of the standards to this case.

7

*Claims 6, 10 & 13*:

Claims 6, 10, and 13 in Chin's amended section 2255 motion each allege an error involving the judge's instructions to the jury. In claim 6, Chin asserted an ineffective-assistance-of-counsel claim based on his lawyer's failure to request a "missing witness" instruction. In claim 10, Chin argued that the district court erred in instructing about what must be proved to establish that Chin had the requisite knowledge that his victims were under the age of 18. In claim 13, Chin argued that his lawyer was ineffective for failing to object to the judge's instruction on the elements of a section 1591(c) offense: an instruction Chin says permitted a non-unanimous verdict because the jury could find him guilty if he recruited, enticed, harbored, or transported.

On appeal, Chin contends that claims 6, 10, and 13 each "relate back" to claim 3(d) in his original motion. Claim 3(d) reads in its entirety this way: "Counsel failed to object and preserve jury issues for appeal." We are not persuaded.

The term "jury issues" implicates errors that occurred with the jury itself, including errors during jury selection or juror misconduct. We cannot conclude

8

that Chin's claim about "jury issues" can be correctly construed liberally as raising errors in the district court's instructions concerning the law in the case. Nor would that phrase have put the government on sufficient notice that Chin sought to challenge the district court's stated legal guidelines.

Claims 6, 10, and 13 neither "support specifically" the original claim nor do they simply fill in missing facts. These claims, instead, arose from separate conduct and occurrences in type than described in Chin's original claim 3(d). The district court acted within its discretion in dismissing these claims as time-barred.

*Claim 8:*

In claim 8, Chin argued that his lawyer was ineffective for failing to move to suppress evidence found inside Chin's backpack. Chin says this claim "relates back" to his initial claim 3(c), in which Chin asserted that his lawyer failed to move to suppress "evidence tainted by" entrapment.

Entrapment involves government inducement to commit a crime and a lack of a predisposition. See United States v. Sistrunk, 622 F.3d 1328, 1332 (11th Cir. 2010). Never has Chin identified the evidence in his backpack that he says should

9

have been suppressed; never has he hinted at the supposed connection between the evidence to be suppressed and a potential entrapment defense.

Viewed with a high level of generality, both claims (new 8 and initial 3(c)) involve the same sweeping legal theory -- an ineffective-assistance-of-counsel claim based on failure to move to suppress some evidence. But that theory is too broad to give fair notice to the government. Nothing demonstrates that the complained-of evidence underlying Chin's arguments in amended claim 8 and the supposed evidence in the original claim 3(c) is physically the same evidence or that the claims of wrongfulness for suppression purposes arose from the same set of facts.

*Claim 14:*

In claim 14, Chin argued that his lawyer was ineffective for failing to impeach properly a government witness (K.B.) on cross-examination. Chin says this claim relates back to claim 3(g) in his original motion. For argument's sake, we accept that claim 14 "relates back" to Chin's timely-filed section 2255 motion and is not time-barred. Nevertheless, because we conclude that claim 14 fails on the merits, we affirm the district court's denial of that claim. See Beeman v.

United States, 871 F.3d 1215, 1221 (11th Cir. 2017) ("Regardless of the ground stated in the district court's order or judgment, we may affirm on any ground supported by the record." (quotation and alteration omitted)).

To succeed on an ineffective-assistance-of-counsel claim, a section 2255 movant must show both that (1) his lawyer's performance "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). About prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In claim 14, Chin says his lawyer failed to impeach K.B. with inconsistent statements K.B. had made about the timing of when K.B. first met S.M. Chin says the testimony shows that "S.M. was K.B.'s charge not movant['s]."

Chin has failed to show that his lawyer's performance fell outside the border of objective reasonableness. The record demonstrates that Chin's lawyer conducted an effective cross-examination of K.B. during trial. Chin's lawyer highlighted several inconsistencies in K.B.'s testimony. Chin's lawyer also elicited testimony impeaching K.B.'s credibility, including testimony that K.B. had lied to police about her involvement in the prostitution business. That Chin's

11

lawyer did not impeach K.B. on every possible inconsistent statement does not render his performance constitutionally deficient.

Chin has also failed to demonstrate prejudice. During trial, K.B. testified that, at some point, she began managing S.M.'s prostitution activities and engaging in acts of prostitution without Chin's involvement or instruction. In the light of the evidence already in the record about K.B.'s role in the prostitution business, Chin cannot show how the complained-of inconsistent statements about how K.B. and S.M. first met would likely have resulted in a different outcome at trial.

Because Chin has failed to show that his lawyer rendered ineffective assistance in cross-examining K.B., Chin is entitled to no relief on claim 14.

*Claim 15:*

In claim 15, Chin argued that Chin's lawyer in the direct criminal appeal was ineffective for failing to raise on appeal the issues Chin later raised in his amended section 2255 motion and was ineffective for advancing, instead, "frivolous and meritless arguments as characterized by the Court of Appeals."

12

Chin says claim 15 relates back to an unnumbered claim in the supporting memorandum filed with his original section 2255 motion. The pertinent section of Chin's supporting memorandum reads this way:

> APPOINTED APPELLATE COUNSEL RENDERED INADEQUATE REPRESENTATION OF COUNSEL BY REFUSING TO DISCUSS APPELLANT'S VALID JURISDICTIONAL ISSUES PRIOR TO PREPARING HIS BRIEF
>
> Appellate counsel provided inadequate representation of counsel throughout the period of his representation of petitioner. Appella[te] counsel asserted that she conducted a full and conscience review of the record and found no non-frivolous issues, when in fact did not examine the facts of the case, did not obtain full transcripts, and cont[i]nually ignored petitioner's attempts to communicate with him regarding the facts of the case. There is no possibility of a full review of the record without the entire record being available. Anders vs. California, 366 US 338 (1967).

The district court abused no discretion in determining that claim 15 did not relate back to the original section 2255 motion (assuming the memorandum to be part of the original motion). We cannot conclude that claim 15 arises from the same "common core of operative facts" as the original unnumbered claim. Instead, claim 15 asserts new ineffective-assistance-of-counsel claims based on Chin's criminal-appeal lawyer's failure to challenge Chin's conviction on several newly-identified legal grounds: grounds involving facts that differ in both time and type than the facts underlying Chin's original unnumbered claim.

Chin contends that claim 15 "relates back" because both claim 15 and his original unnumbered claim arise from his criminal-appeal lawyer's "failure to find or raise non-frivolous issue[s] on appeal." We disagree. Applying Rule 15(c) to permit relation back in this instance would ignore the Supreme Court's instruction for us to avoid defining too broadly the underlying "conduct, transaction, or occurrence." See Mayle, 545 U.S. at 661.

*Claim 16:*

In claim 16, Chin argued that his due process rights were violated by the cumulative errors identified in claims 1 through 15 of his amended motion. Chin also asserted a cumulative error claim in his initial section 2255 motion, in which he identified eight purported errors. Given the differences in the number and type of alleged errors underlying each of Chin's cumulative-error claims, we cannot conclude that claim 16 arises from the same set of facts as claim 3 of Chin's initial motion.

Except perhaps for claim 14, the district court's relation-back decisions were not abuses of its discretion. For claim 14, no reversible error has been shown. We affirm the district court's denial of Chin's amended section 2255 motion.

14

AFFIRMED.